**Application of Charles KREINDLER, as Financial Secretary of Blouse and Waistmakers Union, Local 25, I. L. G. W. U., Petitioner,**

v.

**CLARISE SPORTSWEAR CO., Inc., Respondent, for an order confirming the award of George J. Mintzer, Arbitrator.**

United States District Court
S. D. New York.
June 10, 1960.

Lieberman, Katz & Aronson, New York City, Isadore Katz, New York City, of counsel, for petitioner.

Frederick E. M. Ballon, New York City, for respondent.

DIMOCK, District Judge.

This is a motion for an order confirming the award of an arbitrator and directing judgment in favor of petitioner as financial secretary of Blouse and Waistmakers' Union, Local 25, I.L. G.W.U., hereinafter the Union, against Clarise Sportswear Co., Inc., hereinafter Clarise. Clarise resists the motion on ground that to enforce the award would cause it to violate section 302(a) of the Labor Management Relations Act.

The award directs payment by Clarise of contributions to the Union's Health and Welfare Fund and Retirement Fund required by the letter of a collective agreement of the National Association of Blouse Manufacturers, Inc., with the Blouse and Waist Makers' Union, Local No. 25, and Amalgamated Ladies Garment Cutters Union Local No. 10 and International Ladies Garment Workers' Union A. F. of L. This agreement purported to require Clarise, as a member of the Association, to make payments to the Union's Health and Welfare and Retirement Funds in amounts based upon Clarise's own payrolls and the payrolls of the contractors who manufactured Clarise's product. The employees of Clarise's contractors are not unionized so that they are not eligible for benefits from the Health and Welfare and Retirement Funds.

Clarise contends that payment to these Funds of amounts based on the payrolls of employees who cannot share in the benefits from the Funds is illegal.

This contention is based upon section 302(a) of the Labor Management Relations Act, 61 Stat. 157, as amended by 73 Stat. 537, 29 U.S.C. § 186(a), which begins as follows:

"(a) It shall be unlawful for any employer * * * to pay, * * * or agree to pay, * * * any money or other thing of value—

"(1) to any representative of any of his employees who are employed in an industry affecting commerce; * * *."

Unless excluded by one of certain exceptions set forth in additional provisions of the statute the payments to the Funds required by the collective agreement here involved would violate the quoted provision. The Union is clearly a representative of the employees of Clarise.

The Union relies upon section 302(c) (5) which reads as follows:

"(c) The provisions of this section shall not be applicable * * * (5) with respect to money or other thing of value paid to a trust fund

established by such representative for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents): * * *."

Counsel for Clarise in effect construe the statute to mean that a fund, to come within this exception, must be "for the sole and exclusive benefit of" all "the employees of such employer". They point out that, under Matter of Larry Jay, Inc., 3 A.D.2d 386, 160 N.Y.S.2d 790, affirmed 4 N.Y.2d 912, 174 N.Y.S.2d 662, 151 N.E.2d 93, employees of the contractors are deemed to be employees of Clarise but that they cannot share in the benefits of the Funds because not unionized. They conclude that the Funds are not for the benefit of all the employees of Clarise. There is no basis, however, for the construction of the statute on which counsel for Clarise rely. The Funds are not set up employer by employer with the amounts contributed by each employer set apart for the benefit of his employees. They are of a type contemplated by the statute "for the sole and exclusive benefit of the employees of such employer * * * (*or of such employees * * * jointly with the employees of other employees making similar payments * * *).*" (Emphasis added.)

The construction of the statute contended for by counsel for Clarise would have most serious and unfortunate consequences. An employer whose employees were engaged in two crafts and who were members of two different unions could not lawfully contribute to the welfare fund of either because neither would be for the benefit of all of his employees.

The fact that the employees of Clarise's contractors cannot share in the payments based on their payrolls which Clarise has agreed to make does not give Clarise the right to avoid its agreement as illegal.

The motion to confirm the award is granted and judgment is directed for petitioner and against respondent in the sum of $2,744.66.

So ordered.