Saul S. Streit, J.
Petitioner union moves to confirm an arbitrator’s award of $22,460.82 to it. Respondent employer cross-moves to vacate the award on three grounds: (1) that the arbitrator refused to issue a subpoena for the production of material evidence and also refused to hear material evidence, (2) that articles 9 and 10 of the collective bargaining agreement are illegal as violations of the antitrust laws of the United States and New York State; and (3) that said articles are illegal *949 as violations of section 302 of the Labor Management Relations Act (U. S. Code, tit. 29, § 186). The award was based upon respondent’s obligation, under the collective bargaining agreement between an association of employers (of which respondent had been a member) and the union, to make certain payments to the union’s health and welfare fund.
Paragraph 9 of the collective agreement required respondent to pay to the health and welfare fund stipulated percentages of the total weekly payrolls ‘ ‘ of all its employees covered by this agreement ” and also specified percentages of “ the face amount of the bills of its contractors ’ ’.
Respondent contends that the vast bulk of the arbitrator’s award relates to moneys claimed by the union upon the basis of payments made by respondent on the bills of nonunion contractors, whose employees cannot receive any benefits from the health and welfare fund. Although the collective agreement requires respondent to employ only union contractors, the provision for payments to the fund of a precentage of contractors’ bills is not limited to the bills of union contractors but is broad enough to apply to the bills of all contractors, whether union or nonunion. Limiting the required payments to percentages of the bills of union contractors would enable respondent to whittle away and even abrogate its obligation to make payments to the fund by employing nonunion contractors in violation of the agreement. Clearly the arbitrator did not exceed his powers in finding that the percentages of contractors’ bills required to be paid to the fund applied to the bills of nonunion as well as union contractors. This is apparently recognized by respondent’s attorneys, for their only claim, apart from that of illegality, is that the arbitrator erred in preventing respondent from adducing evidence that the union had failed to claim from some other employers percentages of the bills of their nonunion contractors. The purpose of the subpoena was to establish the failure of the union, in the case of certain other employers, to make similar claims to that asserted here. The arbitrator refused to issue the subpoena and excluded the proposed evidence on the ground that it would be immaterial and irrelevant. He obviously construed the agreement as requiring payments on the bills of all contractors, regardless of whether they were or were not union contractors. Such a construction of the agreement was well within his province. It was also within his province to take the view that evidence that the union, in some instances, had not made similar claims against other employers, did not affect the proper meaning of the contract or constitute a waiver of the contractual obligation as to all other employers, *950 including respondent. In the circumstances, it was within his discretion to refuse to issue the subpoena or receive the proposed evidence. Since the proper construction of the collective agreement was for the arbitrator to determine and since his construction thereof had ample basis and cannot be held to be capricious, his rulings as to the admissibility of evidence, justified by his interpretation of the agreement, do not constitute a refusal to hear material and pertinent evidence.
The contention that the obligation to make payments to the health and welfare fund violated antitrust laws is not supported by any evidence. The claim that the union is a participant in an antitrust conspiracy and that various provisions of the collective agreement are, therefore, unenforcible is considered and rejected on a companion motion, decided simultaneously herewith. (36 Misc 2d 943.)
Respondent also contends that section 302 of the Labor-Management Relations Act is violated, because the employees of the nonunion contractors can receive no benefit from the health and welfare fund. The authorities are to the contrary (Budget Dress Corp. v. Joint Board, 198 F. Supp. 4, affd. 299 F. 2d 936; Minkoff v. Scranton Frocks, 181 F. Supp. 542, affd. 279 F. 2d 115; Kreindler v. Clarise Sportswear Co., 184 F. Supp. 182).
For the reasons indicated, the motion to confirm is granted and the cross motion denied.