### LANGEVER v. R. G. SMITH & CO.*
(No. 519–4195.)

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

1. **Damages** ⚖️77—Whether stipulation for payment intended as penalty or liquidated damages primarily question of intention of parties.

Whether stipulation for payment of sum is intended as penalty or liquidated damages is primarily question of intention of parties, and, where contract is in writing and unambiguous, its interpretation is question of law for the court.

2. **Damages** ⚖️79(1)—Uncertainty of actual damages and difficulty of proving them considered in determining whether stipulation for payment intended as penalty or liquidated damages.

In determining intention of parties as to whether or not stipulation for payment of sum was intended as penalty or liquidated damages, among other things, certainty or uncertainty of actual damages which breach will occasion, and ease or difficulty of proving such damages, are to be considered.

3. **Damages** ⚖️78(5)—Stipulation in contract for payment of money to pay fixed sum on default regarded as agreement for penalty and not liquidated damages.

In contract for payment of money simply, stipulation to pay fixed sum in default of performance will be regarded as an agreement for a penalty and not covenant for liquidated damages, since ascertainment of damages is not difficult, as for nonpayment of money law awards damages measured by interest.

4. **Damages** ⚖️79(1)—When certain that damages will flow and that they cannot be accurately measured, stipulation for payment of sum on default construed as liquidated damages.

Where it is certain that damages will flow from default in performance, and that they cannot be accurately measured, the best reasons exist for holding stipulation for payment of sum on default are agreement for liquidated damages rather than for penalty.

5. **Damages** ⚖️79(5)—Stipulation in advertising contract held one for liquidated damages rather than penalty.

Stipulation in billboard advertising contract, that on failure to pay rentals when due full amount was to become due and payable, was a stipulation for liquidated damages rather than mere penalty, in view of nature of business, character, and amount of expense in procuring sites in constructing and maintaining signboards, and extreme difficulty of proving even approximate amount of damages in case of breach.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. J. Langever against R. G. Smith & Co. Judgment for plaintiff was reversed by the Court of Civil Appeals (261 S. W. 450), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and judgment of trial court affirmed.

Marvin H. Brown and Chas. T. Rowland, both of Fort Worth, for plaintiff in error.

Sawyers & Ambrose, of Fort Worth, for defendants in error.

SPEER, J. Plaintiff in error sued the defendants in error in the district court of Tarrant county to recover the sum of $3,150, alleged to be due as a balance upon a contract whereby the defendants in error undertook to pay to plaintiff in error certain monthly rentals for his services in constructing and maintaining, for a term of three years, certain billboard advertising. There was a judgment for the plaintiff, and, upon appeal, the Court of Civil Appeals reversed and remanded the cause, and the same is now before this court to review the holding of that court as to the measure of damages applied.

The contract sued upon is set out in full in the opinion of the Court of Civil Appeals, and need not here be repeated. 261 S. W.

450. The case depends upon the construction of the following language contained in the order constituting the contract:

"This contract not subject to cancellation. Failure to pay rentals when due, the full amount becomes due and payable."

The trial court held that, upon a breach by defendants, the plaintiff was entitled to recover the aggregate of the unpaid rentals for the entire period of time covered by the contract, and the Court of Civil Appeals, upon reversing, held that he was entitled to recover damages for the delinquency of the defendants in error, and for whatever he lost of the value of the job or time or preparation or loss of other jobs, but not the whole contract price.

Counsel for plaintiff in error does not controvert the rule as to the measure of damages applied by the Court of Civil Appeals, if this is only an ordinary case of damages for breach of a contract embracing personal services, but the insistence is that the stipulations above quoted constitute an agreement for liquidated damages, and that therefore the recovery by him in the trial court was correct.

There can be no doubt that the rule announced by the Court of Civil Appeals is ordinarily the correct measure of damages for a breach of an executory contract involving personal services, or additional expense in further performance.

Whether or not the stipulations above quoted make this an exception to the general rule is the main question about which all other questions are gathered, and a determination of it will control the disposition of the case.

[1] Whether or not a stipulation for the payment of a sum is intended as a penalty or as liquidated damages is primarily, if not wholly, a question of the intention of the parties, and, where the contract is in writing and is unambiguous, its interpretation is a question of law for the court. Farrar v. Beeman, 63 Tex. 175; Gillespie v. Williams (Tex. Civ. App.) 179 S. W. 1101.

[2, 3] In determining the intention of the parties to such stipulation, certain well-recognized rules of construction enter into the consideration, an important one of which is, the certainty or uncertainty of the actual damages which a breach will occasion, and the ease or difficulty of ascertaining or proving such damages; hence, in a case of a contract for the payment of money simply, a stipulation to pay a fixed sum, in default of performance, will be regarded as an agreement for a penalty and not as a covenant for liquidated damages—the reason for this rule being that, for the nonpayment of money, the law awards damages measured by interest, and hence there is no difficulty in ascertaining the damages in such a case. Cotheal v. Talmage, 9 N. Y. 551, 61 Am. Dec. 716; Krutz v. Robbins, 12 Wash. 7, 40 P. 415, 28 L. R. A. 676, 50 Am. St. Rep. 871; 8 R. C. L. p. 573.

[4, 5] It is always a cardinal rule of construction to adopt all those aids and artifices that are calculated to ascertain the real intention of the parties to a written contract, and perhaps at last no better rule, even though it is general, can be stated than that the real intention of the parties when ascertained will control. This intention, however, is not necessarily ascertained by the words employed, and it frequently happens that, though the parties have denominated the potential payment as liquidated damages, nevertheless the real intention gathered from the entire instrument may show that such sum was in truth a penalty to protect damages. Perhaps the most reasonable ground upon which agreed liquidated damages clauses are sustained is the difficulty or uncertainty that confronts the parties with respect to an accurate estimate of the damages to flow from the breach. Where it is certain that damages will flow, and where it is certain they cannot be accurately measured, or where it appears their ascertainment, if possible, will be difficult, the best reasons exist for respecting the agreement of the parties in advance upon a sum mutually satisfactory. In this case the nature of plaintiff in error's business, the character and amount of expense to him in procuring sites, and the construction of signboards and their maintenance as contemplated by the contract, and the extreme difficulty, if not impossibility, of proving even the approximate amount of his damages in case of a breach, we think constitute ample reason and justification for holding the clause of the contract under consideration to be a stipulation for liquidated damages rather than a mere penalty. 11 Williston on Contracts, § 783. Any effort to establish the actual damages for a breach of a contract such as the one under consideration here would be attended with such unusual considerations and surrounded with such uncertainty and difficulties as to take the case out of the usual class of cases of mere default in the payment of money, and thus to afford fair grounds for sustaining an agreement for liquidated damages.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.