E. C. STEWART ET UX V. JAMES MARVIN BASEY.

No. A-3346. Decided January 16, 1952.
(245 S. W., 2d Series, 484.)

*E. M. DeGeurin,* of Austin, for petitioners.

The Court of Civil Appeals erred in not rendering judgment in favor of petitioners in the amount of the unliquidated damages as agreed to in the lease contract. Galveston, H. & S. A. Ry. Co. v. Johnson, 74 Texas 256; Rio Bravo Oil Co. v. Weed, 121 Texas 427, 50 S.W. 2d 1080; Fidelity & Dep. Co. of Md. v. Walker, 75 Fed. 2d 115-118.

*W. R. Smith, Jr.,* of Austin, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The controlling question in this case is whether the language quoted below stipulating the damages recoverable for

the breach of a lease contract is a provision for liquidated damages or for a penalty. The trial court construed it as a provision for a penalty and, finding that the lessor suffered no damages by lessee's breach except $38.50 caused by the destruction of a partition door in one of the leased buildings, rendered judgment for that amount only. The Court of Civil Appeals upheld the trial court in its refusal to award liquidated damages, but reversed that portion of the judgment awarding only $38.50 as damages and remanded the case to the trial court for the sole purpose of determining the amount of actual damages sustained by the lessor. 241 S. W. 2d 353.

By a contract in writing petitioners, E. C. Stewart and wife, leased to respondent, James Marvin Basey, three store buildings on South Congress Avenue in the city of Austin. The lease stated that it was for a term of five years, beginning on January 1, 1949, and ending at midnight on December 31, 1954. The dates cover a period of six years, but for the purposes of this opinion it is immaterial whether the term was five years or six years. The lease provided for a monthly rental of $325.00, payable each month in advance. Respondent went into possession under the lease and paid the monthly rentals through November, 1949, during which month he vacated the buildings. On the following December 5th the keys were returned to petitioners upon their request, since which time they have executed leases to other tenants. The provision of the contract which we are called upon to construe reads as follows:

"The failure to pay any monthly installment of rental when such installment is due shall terminate this lease at the option of Lessors. The failure of Lessee to make said payment or payments or the breach of this contract otherwise by him shall render him liable to Lessors, as agreed liquidated damages, the sum of One Hundred Fifty (150) Dollars per month for each and every month of the unexpired term of this lease which shall become due and payable when the option to terminate this lease is exercised or at the time of the breach of this contract otherwise by Lessee if any, and the payment thereof be secured by lien on the property of Lessee in said Store Buildings at said time."

Another provision of the contract is:

"That the violation of any term of this lease by either party hereto shall terminate the same at the option of the other."

It will be observed that liability for the payment of $150.00

per month as liquidated damages is not limited to the breach of any one particular covenant of the contract. The covenant to pay the rent when due is but one of the covenants the breach of which would give rise to a claim by the lessors for $150.00 per month for each and every month of the unexpired term of the lease.

■ Volumes have been written on the question of when a stipulated damage provision of a contract should be enforced as liquidated damages and when enforcement should be denied because it is a penalty provision. One line of cases ,of which Eakin v. Scott, 70 Texas 442, 7 S. W. 777, is typical, states that the intention of the parties governs and another line states that their intention is immaterial, but when the results are examined there appears but little disparity between them. All agree that to be enforceable as liquidated damages the damages must be uncertain and the stipulation must be reasonable. There is a statement in the opinion in Eakin v. Scott, supra, which, standing alone, would lead to the conclusion that the damages in that case were certain in amount. But when the entire opinion is read, it becomes obvious that the damages were very uncertain in the contemplation of the parties when the contract was executed; and that is the true test of uncertainty. The true theory is well expressed in Williston on Contracts, Revised Edition, Sec- 779, p. 2192, in this language:

"But as has been seen, the chief, almost the only, means of determining whether the parties in good faith endeavored to assess the damages is afforded by the amount of damages stipulated for, and the nature of the breach upon which the stipulation was agreed to become operative. This is but saying in other words that the reasonableness or unreasonableness of the stipulation is decisive."

■ The cases which hold that the intention of the parties controls impute to the parties an intention to provide for a penalty when it would be unreasonable and unjust to do otherwise, even though their language clearly expresses the contrary intention. They indulge in a presumption in order to arrive at the justice of the case. The cases which disregard the intention of the parties treat the question as one of the legality of the stipulation. The reasoning in Langever v. R. G. Smith & Co., Comm. App., 278 S. W. 178, 179, is typical of that employed in cases which announce that the intention of the parties controls. The statement in the opinion that "the real intention of the parties when ascertained will control" is followed by the statement that such intention "is not necessarily ascertained by the words

employed." Regardless of which line of cases is followed, the courts will not be bound by the language of the parties.

The right of competent parties to make their own bargains is not unlimited. The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages. A party has no right to have a court enforce a stipulation which violates the principle underlying that rule. In those cases in which courts enforce stipulations of the parties as a measure of damages for the breach of covenants, the principle of just compensation is not abandoned and another principle substituted therefor. What courts really do in those cases is to permit the parties to estimate in advance the amount of damages, provided they adhere to the principle of just compensation. Restatement of Contracts, Sec. 339, accurately expresses the rule as follows:

"(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless.

"(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

"(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

This comment on subsection (1) follows:

"b. Contracts are frequently made in which performance of very different degrees of importance and value are promised and one large sum of money is made payable as damages for any breach whatever. Since such a contract promises the same reparation for the breach of a trivial or comparatively unimportant stipulation as for the breach of the most important one or of the whole contract, it is obvious that the parties have not adhered to the rule of just compensation. In this matter neither the intention of the parties nor their expression of intention is the governing consideration. The payment promised may be a penalty, though described expressly as liquidated damages, and vice versa."

The rule as declared in that comment is in effect the same as that declared in Williston on Contracts, Revised Edition, Vol. 3, Sec. 783, p. 2204; McCormick on Damages, Sec. 151; 15 Am. Jur., Damages, Sec. 253; and 25 C. J. S., damages, Sec.

111. Early in the history of this court in Durst v. Swift, 11 Texas 273, 282, the rule was stated in this language: "* * * where the agreement contains several matters of different degrees of importance, and yet the sum named is payable for the breach of any, even the least * * * the sum stipulated to be paid has been treated as a penalty." That rule was followed in Palestine Ice, Gin & Fuel Co. v. Walter Connally & Co., 148 S. W. 1109, error refused, and in Sanders Nursery Co. v. J. C. Engleman, Inc., -109 S. W. 2d 1131, error dismissed.

■ When that rule is applied to the provisions in the contract before us it seems clear that the stipulation should be construed as a provision for a penalty and not for liquidated damages. Obviously, the stipulation was not carefully drawn. It provides that for the failure of lessee to pay any installment of rent when due or for his breach of any other obligation of the contract, the lessors could, at their option, terminate the lease. Should they elect to terminate it, the lessee would be obligated to pay them at that time a sum of money arrived at by multiplying $150.00 by the number of months of the unexpired term of the lease. Should they not elect to terminate the lease they could, nevertheless, demand that amount in a lump sum on the date of the breach. The lease contains several covenants other than the covenant to pay rent when due. One is a covenant of indemnity in this language:

"Lessee further covenants and agrees to keep Lessors free and harmless from any and every claim, demand, or cause of action arising in or on the leased premises during the term of this lease."

Another is a covenant that lessee will prudently use the premises and avoid injuries thereto, except usual wear and tear, and another that lessee will "make such repairs as are not caused by Lessors or their agents and the usual depletion of said property."

It is not necessary for us to decide whether petitioners would have been entitled to liquidated damages had the lease contract contained no covenant except the covenant to pay rent, and we therefore pass that question by without discussion. It is clear that petitioners should not be awarded a large sum for liquidated damages for the breach of the other covenants just mentioned. Take, for instance, the covenant for indemnity. Whatever amount respondent might have been called upon to pay petitioners as an indemnity would have been a

definite amount measured by the liability theretofore adjudged against petitioners. An obligation to pay an indemnity is nothing more than an obligation to pay a sum of money theretofore ascertained, and a provision that failure to pay a definite sum of money upon default of performance of a covenant in a contract entitles the obligee to recover liquidated damages in excess of the interest rate will not be enforced. Langever v. R. G. Smith & Co., Comm. App., 278 S. W. 178.

With respect to the other covenants above mentioned, it was found by the trial court that respondent breached them, and damages of $38.50 were assessed against him therefor. A stipulation to pay several thousand dollars for the breach of a covenant which might well result in damages of $38.50 or even less would be so unreasonable that no court would lend its power to enforce it.

Our conclusion is that, since the contract provided the same reparation for the breach of each and every covenant, and since it would be unreasonable and a violation of the principle of just compensation to enforce it as to some of them, the provision for stipulated damages should be treated as a penalty.

We approve the action of the Court of Civil Appeals on rehearing in remanding the case for the purpose of determining the actual damages instead of rendering it.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 16, 1952.