## PATTERSON v. MAGILL.

### No. 10145.

Court of Civil Appeals of Texas. Austin.

June 24, 1953.

Rehearing Denied July 31, 1953.

Clyde Vinson, San Angelo, for appellant.

Runge, Hardeman & Steib, by Carl Runge, Jr., San Angelo, for appellee.

GRAY, Justice.

Appellant sued appellee to recover the contract price for painting and maintaining advertising signs located on highways leading to and from the City of San Angelo. The contract was in writing and provided that appellant would paint and maintain the signs at four locations for a period of thirty-six months beginning January 1, 1949, and ending January 1, 1952, for the sum of $66 per month payable "the first of each month."

During the term of the contract the locations of two of the highways were changed and the signs on those highways were discontinued, but no complaint of that result is here made. The questions here presented relate to the two remaining signs.

All payments were made by appellee until January 1, 1951, since which time he has refused to make further payments for the two remaining signs.

As to the payment of monthly installments the contract provided:

"Our failure to make any monthly payment as herein provided after re-

quest by you, shall, at your option, be deemed a complete breach by us of this contract, or at your option upon any such failure the full amount of this remaining monthly installments hereby agreed to be paid by us to you shall thereupon immediately become due and payable, and in the event of our failure to make payment thereof upon demand, you are authorized but not obligated to remove our advertising from said space or spaces, or any of them, and/or to re-let said spaces or any of them for out account for the whole or any part of the term of this contract, to such person or persons and upon such terms and conditions as you may determine, and/or collect and receive the income from any such reletting or relettings, and to apply any and all moneys so collected and received by you on account of any amounts which may then be due to you from us under this contract."

There is a dispute in the pleadings and in the testimony as to the terms of the contract. The contract as first written and signed by the parties provided that the four signs should be maintained "with glass-glo beads on name and location only." The contract alleged, and testified to, by appellant contained a note:

"Glass-Glo Beads were tested and changed to Scotchlite. Material is to be furnished by R. L. Magill on all replacements of same. No labor charge for application. This is agreed on at signing of Contract."

Appellee's answer contained a general denial and allegations to the effect that the only contract that he entered into with appellant was that appellant agreed to paint and maintain the signs with materials provided at appellant's own expense, but that appellant breached the contract because he did not maintain the signs or provide the paint at his expense, but permitted the signs to weather and deteriorate so that they were of no benefit to appellee.

Appellee was the operator of "Motel Magill" in the City of San Angelo, and the signs in question were for the purpose of advertising the motel and giving its location.

Appellee denied executing the contract sued on by appellant, however the evidence shows that the name and location of appellee's motel on the signs were done in scotchlite, a reflectory material.

Appellant testified that after January 1, 1951, appellee complained that the two signs needed new scotchlite and paint; that the signs were not repainted because appellee refused to furnish scotchlite for refinishing the signs, and that the signs were maintained until July 1, 1951. Appellee testified that about Christmas 1950, there were payments due under the contract which he paid on the promise of appellant that he would service the signs immediately after Christmas, but he did not mention scotchlite or who was to furnish it. Appellee further testified that he refused to make further payments after Christmas 1950, because the signs were not serviced.

A jury trial was had and in answer to special issues the jury found: (1) that the words "Glass-Glo Beads were tested and changed to Scotchlite Material is to be furnished by R. L. Magill on all replacements of same. No labor charge for application. This is agreed on at signing of Contract." were not in the contract at the time appellee signed the same; (2) that it was agreed between the parties that the words quoted in (1) supra, were to be added and were to become a part of the contract between the parties; (3) that appellant did not paint and maintain the signs in all respects except as to replacing scotchlite thereon, and (4) that the failure of appellee to furnish scotchlite material as needed for the maintenance of the signs did not excuse appellant's failure to maintain them.

There was no objection made to the issues submitted and no request was made for the submission of additional issues.

The trial court overruled appellant's motion for judgment non obstante veredicto, and rendered judgment that appellant take nothing by his suit.

■ By the jury's finding (2) it was established that the contract existing between

the parties imposed upon appellee the obligation to furnish scotchlite materials for the replacements on the signs. An interpretation of the contract shows that the obligation imposed upon appellee must be construed as a condition. 12 Am.Jur. pp. 848 and 849, §§ 295 and 296.

The name and the location of the motel were important and vital parts of the signs. In fact the signs would have been of no value to appellee if the name and the location of the motel had both been eliminated from the signs. Also, the elimination of either the name or the location of the motel from the signs would have decreased their value. The evidence shows that the scotchlite on the signs was peeling off and badly in need of replacement, that scotchlite was more expensive than glass-glo, and further that repainting the signs without replacing the scotchlite would have been of little value. In El Paso & S. W. R. Co. v. Eichel & Weikel, Tex.Civ.App., 130 S.W. 922, at page 936, error ref., the Court quoted with approval from Anson on Contracts as follows:

"Contracts are often made up of various statements and promises on both sides, differing in character and importance. The parties may regard some of these as vital, others as subsidiary, or collateral to the main purpose of the contract. When one of these is broken, the court must discover, from the tenor of the contract or the expressed intention of the parties, whether the broken term is vital or not. If the parties regarded the term as essential, it is a condition; its failure discharges the contract. If they do not regard it as essential, it is a warranty; its failure can only give rise to an action for such damages as have been sustained by the failure of that particular term. A condition precedent, in this sense, may be defined as a statement or promise, the untruth or failure of which discharges the contract. A warranty is a more or less unqualified promise of indemnity against a failure in the performance of a term in the contract."

And 130 S.W. at page 940 the Court said:

"When the obligation of performance by one party presupposes the doing of some act by the other party thereto, the neglect or refusal to perform such act not only dispenses with the obligation of performance by the other, but also entitles him to rescind, or when rescission will not afford him an adequate remedy to continue the work and recover such damages as the delinquency has occasioned him."

Appellee himself said that he refused to furnish the scotchlite materials and also said he refused to make the monthly payments called for in the contract.

■ These facts authorized appellant to sue for a breach of the contract and to recover just compensation for the loss he sustained. Stewart v. Basey, Tex.Sup., 245 S.W.2d 484. That is to say that, under proper pleadings and proper proof, he was entitled to be placed in the position he would have been in if he had been permitted to fully perform the contract. He of course was not entitled to be placed in a better position. Appellant's loss would be what he would have received if the contract had been performed. Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853. 13 Tex.Jur. p. 84, § 15, and p. 455, § 265.

■ There is no evidence showing the cost to appellant of the paint and the labor required to properly service the signs after January 1, 1951. And although appellee's refusal to perform the obligations imposed on him by the contract excused appellant from performance, there is no guide in the evidence by which to determine the loss sustained.

Jury finding (3) was actually a finding on an undisputed issue. Appellant said he did not repaint the signs after January 1, 1951, because appellee refused to furnish scotchlite for replacements. We have already discussed this result. Finding (4) was a finding on a question of law rather than on a question of fact. Our views on this question have been expressed.

Appellant relied on the contract found by the jury to be the existing contract between

the parties. He did not plead and did not prove the consequences to him of appellee's breach, but sought to recover the full benefits of the contract on the theory that appellee's wrongful refusal to perform excused him (appellant) from further performance and entitled him to recover without making proof of his loss. For the reasons already stated we do not agree with this contention.

We have carefully considered appellant's brief and the record in this cause and it is our opinion that error is not presented.

The judgment of the trial court is affirmed.

Affirmed.