DAVIS PLEATING AND BUTTON CO., a California corporation, Plaintiff,

v.

The CALIFORNIA SPORTSWEAR & DRESS ASSOCIATION, Inc., a California corporation, its officers, directors and members, et al., Defendants.

No. 18479.

United States District Court
S. D. California, Central Division.

Jan. 27, 1956.

Frank A. Mouritsen, Los Angeles, Cal., for plaintiff.

Harry C. Cogen, Los Angeles, Cal., for defendant Alex Colman.

Alexander K. Ginsburg, Los Angeles, Cal., for defendant Dan A. West.

James H. Denison, Los Angeles, Cal., for defendant Los Angeles Coat & Suit Mfrs. Ass'n.

Eugene B. Shapiro, Los Angeles, Cal., for defendant the California Sportswear & Dress Ass'n.

Wilbur E. Quint, Los Angeles, Cal., for defendant Associated Sportswear Mfrs. of Los Angeles.

Basil Feinberg and Charles K. Hackler, Los Angeles, Cal., for defendant Unions, International Ladies' Garment Workers' Union, Joint Council of Sportswear, Cotton Garment and Undergarment and Accessory Workers' Unions of the International Ladies' Garment Workers' Union, Los Angeles Cloak Joint Board of the International Ladies Garment Workers' Union.

MATHES, District Judge.

Plaintiff's motion for a preliminary injunction having been heard and submitted for decision, and it appearing to the court:

(a) That plaintiff invokes the jurisdiction of this court under 15 U.S.C.A. § 26, and seeks a preliminary injunction to prevent threatened loss or damage to plaintiff's business due to claimed violation of the anti-trust laws, 15 U.S.C.A. §§ 1–33;

(b) That plaintiff is a California corporation engaged in the manufacture in California of accessories such as buttons and pleating applied to ladies' wearing apparel, and a substantial portion of the goods upon which plaintiff does work moves in interstate commerce;

(c) That some time prior to February 23, 1955 one of the defendant unions, namely, the Joint Council of Sportswear, Cotton Garment, Undergarment and Accessory Workers' Union of Los Angeles, A. F. L., attempted unsuccessfully to organize the employees of plaintiff, and is presently engaged in a labor dispute with plaintiff, within the meaning of 29 U.S.C.A. § 113(c);

(d) That as part of its attempt to organize plaintiff's employees, defendant Joint Council has invoked and demanded enforcement of section 32 of the collective bargaining agreements entered into between the defendant unions and various employer firms engaged in the ladies wearing apparel industry, including Jack Needleman, doing business as Anjac Fashions, and defendant Alex Coleman, Inc.; which section 32 provides in part that firms "who cause to be manufactured or purchase shoulder pads, belts, embroidery covered buttons, pleating and tucking on garments, etc. shall deal only with such firms as are in contractual relations with the union or any affiliate of the International Ladies' Garment Workers Union";

(e) That plaintiff is not in contractual relations with any union and by virtue of defendant Joint Council's action under section 32 of the agreement between

defendant unions and other employers in the industry, Anjac Fashions and defendant Alex Coleman, Inc. have ceased doing business with plaintiff;

(f) That defendant Joint Council threatens similar action to be taken now with respect to other employers who are "in contractual relations" with defendant unions and presently doing business with plaintiff;

(g) That "every contract, combination * * * or conspiracy, in restraint of trade or commerce among the several States" is illegal, 15 U.S.C.A. § 1, and any firm "shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws * * *", 15 U.S.C.A. § 26;

(h) That "nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor * * * organizations, instituted for the purposes of mutual help, * * * or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof", 15 U.S.C.A. § 17; see Allen Bradley Co. v. Local Union No. 3, 1945, 325 U.S. 797, 808–809, 65 S.Ct. 1533, 89 L.Ed. 1939; United States v. Chattanooga Chapter, Nat. Elec. Contractors Ass'n, D.C.E.D.Tenn.1953, 116 F.Supp. 509, 510–511; cf. Duplex Printing Press Co. v. Deering, 1921, 254 U.S. 443, 469, 41 S.Ct. 172, 65 L.Ed. 349, but a labor union loses this immunity from the operation of the anti-trust laws by becoming a party to any "contract, combination or conspiracy in restraint of trade" to which persons other than labor unions—persons subject to the anti-trust laws—are parties, Allen Bradley Co. v. Local Union No. 3, supra, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939;

(i) That to come within the Bradley rule whereby the union loses immunity to the anti-trust laws, one of the purposes or objects of the contract or conspiracy must be some benefit to the non-union parties thereto proximately resulting

from the unlawful restraint upon trade, Allen Bradley Co. v. Local Union No. 3, supra, 325 U.S. at page 809, 65 S.Ct. at page 1539; see Philadelphia Record Co. v. Manufacturing Photo-Engravers Ass'n of Philadelphia, 3 Cir., 1946, 155 F.2d 799, 803–804; Lumber Products Ass'n v. United States, 9 Cir., 1944, 144 F.2d 546, rev'd on other grounds, sub nom United Brotherhood of Carpenters, etc. v. United States, 1947, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973; New Broadcasting Co. v. Kehoe, D.C.S.D.N.Y.1950, 94 F. Supp. 113, 115; and

    (j) That assuming section 32 of the agreement establishes a "contract, combination * * * or conspiracy in restraint of trade" between defendant unions and employers including defendant Alex Coleman, Inc., cf. Meier & Pohlmann Furniture Co. v. Gibbons, D.C.E.D. Mo.1953, 113 F.Supp. 409, 410–411, neither the pleadings nor the affidavits, nor the evidence adduced at the hearings, establish that the non-union parties, of which defendant Alex Coleman, Inc. was one, entered into such contract or conspiracy for the purpose or object of receiving some trade benefit, such as in the marketing of product or the like;

It Is Ordered that plaintiff's motion for a preliminary injunction is hereby denied.

It Is Further Ordered that denial of plaintiff's motion for a preliminary injunction is without prejudice, and shall not preclude plaintiff from pursuing another application for an injunction, if so advised, upon a showing that one of the purposes or objects of the contracts entered into by defendant unions and the employers was some trade benefit to the employers.

It Is Further Ordered that solicitors for defendant unions lodge with the Clerk within five days interlocutory findings of fact, conclusions of law and order accordingly, to be settled under local rule 7.

It Is Further Ordered that the Clerk this day serve copies of this order by United States mail on the attorneys for the parties appearing in this cause.