E. E. MANNEY, D/B/A the Manney Company, Appellant,

v.

John L. BURGESS, Appellee.

No. 16220.

Court of Civil Appeals of Texas.

Fort Worth.

May 12, 1961.

Rehearing Denied June 9, 1961.

Clyde Thomas and Flowers & Flowers and John Flowers, Fort Worth, for appellant.

Ramfield & Dushman, and Lowell E. Dushman, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff Burgess sued defendant E. E. Manney, d/b/a The Manney Company, for damages for breach of contract.

Plaintiff was author of some western stories he desired to have published as a book. He alleged that he entered into a contract with defendant, whereby defendant was to print, publish, illustrate, furnish dust jacket designs and promote the sales of said book, but that defendant failed to perform, to plaintiff's damage. The contract recited the estimated cost of manufacturing and promoting the first 1,000 books would be $2,500. Defendant was to advance $1,250, to be repaid from sales, and plaintiff was to pay $1,250. Plaintiff did pay defendant $1,250.

The jury found that defendant agreed to act as publisher of the book; agreed to design and furnish art work for the illustrations; agreed to design the dust jacket for the book, and that plaintiff did not subsequently agree to handle the promotions and sales himself. Defendant did not take any exceptions to the plaintiff's petition or object to the issues submitted.

█ Defendant contends the finding that plaintiff did not make a subsequent agreement to handle promotion himself is clearly against the overwhelming weight of the evidence. Defendant testified such agreement was made. Plaintiff denied any such agreement and testified he sold a few books only because defendant refused to perform his agreement to publish, promote and sell the books, but that he, plaintiff, never released defendant from his obligations. We think the evidence ample to support the jury finding and the finding is not against the great preponderance of the evidence.

In other points defendant contends the plaintiff was entitled to no damages, or, at the most, was limited to royalties on 1,000 books.

The court entered judgment for plaintiff, on the jury findings and on his own findings, for the amount paid by plaintiff to defendant, less $72 collected by plaintiff through his own personal sales.

According to the jury findings, and the evidence, upon which they are based, the

plaintiff paid $1,250 for a service he did not get, to-wit, the publication and promotion of plaintiff's book. According to defendant's own testimony a book publisher arranges the advertising campaigns, distribution, sales and promotion. Defendant did not contend that he performed the service of a publisher, but relied upon his defense that he had not agreed to be publisher of the book; as stated, however, the jury found against him.

The contract did not limit plaintiff to royalties on the first 1,000 books. He would have been entitled to royalties on all books published, promoted and sold by defendant if defendant had not breached the contract. How many hundreds or thousands would have been sold had defendant performed his agreement, however, is highly speculative. From the very nature of the book business, no one could say with any degree of certainty how many copies of a first book by an unknown author would sell. It is possible the book would have failed to make the best seller list even if defendant had not breached his contract. It is possible the book would not have made plaintiff as prominent as Bret Harte and Zane Grey as chroniclers of events of the Old West and teller of tales of the heroic deeds of the rugged individuals of the time; but, under the terms of the contract, defendant was obligated to give him that chance by publishing and promoting the book.

Future royalties to plaintiff, had defendant not breached his contract, were so speculative they could not have been ascertained with any degree of certainty, and would not have afforded plaintiff a proper basis of recovery. Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 196 S.W.2d 340; Texas Power & Light Co. v. Roberts, Tex.Civ.App., 187 S.W. 225.

In view of the entire record, we think, under the facts of this case, the court applied the proper and only rule by which just and adequate compensation to plaintiff could be readily measured.

The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. Stewart v. Basey, 150 Tex. 666, 245 S.W.2d 484.

The judgment is affirmed.