Saul S. Streit, J.
Petitioner employer moves to vacate an arbitrator’s award which directed it to pay $1 per dozen to respondent union for 61,100 dozen blouses manufactured for petitioner by nonunion contractors in violation of the collective agreement. Respondent cross-moves to confirm the award and for the entry of judgment thereon.
The contentions of petitioner are (1) that the provisions of the collective agreement sought to be enforced by respondent are illegal as violations of the antitrust laws, (2) that the contractual provision for liquidated damages of $1 per dozen is in fact a provision for a penalty, and (3) that the arbitrator was guilty of misconduct in conducting an independent investigation without petitioner’s knowledge.
The provisions of paragraphs 32 and 33 of the agreement require employers to use only union contractors, registered by the employer with the union. These provisions do not violate the antitrust laws (Allen Bradley Co. v. Union, 325 U. S. 797; Matter of Terry Lee Sportswear, N. Y. County Clerk’s No. 12801 —1956, affd. 3 A D 2d 649 — see fols. 69-70 of record on appeal; see, also, Matter of Mencher v. Geller & Sons, 276 App. Div. 556; Davis Pleating & Button Co. v. California Sportswear & Dress Assn., 145 F. Supp. 864). It is true that a different conclusion might be necessary if the contractual provision was used for the purpose of enabling certain employers or businesses to monopolize the market and the union was a co-conspirator with them (Allen Bradley Co. v. Union, supra). However, no competent proof to that effect has been submitted to the court. The indictment of the union does not constitute competent proof, for it is merely an unproved accusation or charge (Greenstein v. National Shirt & Sportswear Assn., 178 P. Supp. 681, 689).
Nor do the contractual provisions in question violate the Landrum-Griffin Act (73 U. S. Stat. 519 et seq.-, 86th Cong.). That statute specifically exempted from its proscriptions, union agreements with firms “in the relation of a jobber, manufacturer, contractor, or subcontractor working on the goods or premises of the jobber or manufacturer or performing parts of an integrated process of production in the apparel and clothing industry ” (IT. S. Code, tit. 29, § 158, subd. [e]; emphasis supplied), the industry here involved.
The provision of paragraph 33(g) of the collective agreement for “liquidated” damages of $1 per dozen for blouses manu *945 factored in violation of the agreement does not appear to be one for a penalty. The paragraph provides that the employer recognizes the adverse effect of a violation upon the interests of the union and its members and that he acknowledges “ that the damage to the union upon such violations is difficult if not impossible of accurate ascertainment ’ ’. The fact that the parties denominated the damages as “liquidated” and expressly provided that the $l-per-dozen damages clause was not a provision for a “ penalty ” is not, it is true, conclusive. It is obvious, however, and the arbitrator has so found, that the calculation of the precise and exact damage to the union is a difficult, if not impossible, task. Although a provision for liquidated damages may be held to be a penalty if the damages fixed are grossly disproportionate to any damages which could reasonably be anticipated, the burden is on the party asserting that the provision is a penalty to establish such gross disproportion (Knoblauch v. Little Falls Dairy Co., 241 App. Div. 910; Perma-Stone Bi County Corp. v. Ackerman, 15 Misc 2d 640, affd. 8 A D 2d 731). Petitioner has not attempted to meet this burden.
Petitioner relies upon the case of Seidlitz v. Auerbach (230 N. Y. 167) which held that a clause of a lease which purported to fix a specified amount as “ liquidated damages ” was in fact a penalty because the same amount of “ liquidated damages ” was to apply for breach of each and every covenant of the lease, although some of the covenants were of slight importance and the loss resulting from their breach (p. 173) “will be clearly disproportionate to the sum sought to be fixed as liquidated damages”. However, in Hackenheimer v. Kurtzmann (235 N. Y. 57) in an opinion by Judge Andrews, the very Judge who wrote the opinion in Seidlitz v. Auerbach (supra) that case was held inapplicable, although (1) under the literal wording of the agreement involved in the later case, the amount fixed as ‘ ‘ liquidated damages ” was to apply (p. 62) “ [i]n case of breach of the agreements herein contained upon the part of the parties of the second part” (emphasis supplied), some of which (p. 65) “ are of less importance than others ”, and (2) the amount fixed as damages was grossly disproportionate to the damage which could result from the breach of such less important covenants. The Court of Appeals disregarded the literal language of the contract, saying (p. 67): “ Nor is the use of the word ‘ agreements ’ instead of ‘ agreement ’ conclusive ’ ’. The court declared that (p. 66) a “ fair interpretation ” of the contract required a holding that the liquidated damages were to apply only to the breaches of those covenants or ‘ ‘ agreements ’ ’ which1 ‘ materially interfered ” with the “ protection of the valuable good will inher *946 ent in the name Kurtzmann ’ As to the ‘ ‘ agreements ’ ’ of the parties of the second part (pp. 65, 66) to return mail immediately which was directed 11 to Kurtzmann or to the Kurtzmann Company ” and to return within a specified period “ all statements furnished to them respecting the business ”, the court declared that their breach (p. 66) “ was not what they (the parties) had in mind ”. Judge Andrews’ opinion declared (p. 67): “ Seidlitz v. Auerbach may be pressed to so extreme a conclusion as to make it impossible to draw any contract providing for such [liquidated] damages. * * * This kind of a case is one particularly where liquidated damages are suitable because in the nature of things it is impossible to fix those actually incurred. ’ ’ The preceding sentence, it may be noted, is applicable to the collective agreement involved in the instant case.
The reasoning of the case of Hackenheimer v. Kurtzmann (supra) is peculiarly applicable here. The “liquidated damages ” fixed in paragraph 33(g) of the collective agreement are “ to be paid for * * * garments manufactured or purchased in violation of this agreement ’ ’. The prior paragraph of the agreement (32) forbade employers to have garments manufactured by nonunion concerns or to purchase them from such concerns, and required them to designate or register such concerns, as provided in paragraph 33. Paragraph 33 requires each employer to register every concern which produces any garments for such employer and to designate which are “ regular ” contractors and which are “ temporary ” contractors, for the purpose of making work available to the former before giving any to the latter (par. 33 [b]). Petitioner argues that the liquidated damages provision would thus govern if the employer permitted a nonregistered or nondesignated contractor to manufacture for the employer, albeit said contractor was a union contractor. This is true if the collective agreement is given a severely literal construction. However, a fair interpretation of the agreement requires a holding that the liquidated damages clause was intended to apply only where the employer procured garments from concerns not under contract with the union, and that it was not intended to govern where the employer’s contractor or vendor was under contract with the union. It was obviously not the purpose of the parties that the liquidated damages clause should apply merely because an employer, though employing a union contractor, failed to “register” or “designate” the latter. Although there are other provisions of paragraphs 32 and 33 for breach of which the ‘ ‘ liquidated damages ’ ’ would have to be paid, under a strictly literal construction of the words (par. 33 [g]) “ manufactured or purchased in violation of this *947 agreement”, the language at the beginning of the same paragraph indicates that the 1 ‘ liquidated damages ’ ’ were intended to be paid only “ should the Employer have any work performed in non-designated or non-registered contractors’ shops or purchase any garments contrary to this agreement ’ ’. As previously observed, though the last-quoted language uses the words “ non-designated or non-registered contractors ’ ’, the parties seem to have intended them to mean nonunion contractors. The question of whether contractors were registered or designated was obviously of minor importance as compared to the question of whether they were union or nonunion. It is to be noted that the proper construction of paragraph 33 (g) was for the arbitrator, not the court, and that his interpretation is controlling if there is any rational basis for it. Certainly it cannot properly be held that it was beyond his powers to construe the liquidated-damages clause as intended to be applicable only if goods were permitted to be manufactured by or purchased from nonunion firms, and as not applying to other violations of the collective agreement.
Petitioner’s contention, that the arbitrator must have made an independent investigation, without its knowledge, is predicated upon its claim that there was no evidence before the arbitrator to support his findings (1) that the violation had an adverse effect on the union and its members in the establishment and maintenance of the labor standards provided for in the collective agreement, (2) that “ there was equality of opportunity for (the parties’) understanding and insisting upon their rights ”, and (3) that “ the $1.00 per dozen is not disproportionate to the injury to the Union”, or to support other statements of the arbitrator. The other statements, last referred to, are adequately supported by an examination of the collective agreement, and, in any event, are not material. Finding 1 (supra) does not indicate that the arbitrator must have conducted an independent investigation. It may well have been the result of his judgment as to what the inevitable effect of the violations must have been. Finding 2 likewise may have been due to the arbitrator’s inference, whether or not it was justified by the actual evidence. It does not establish that he made an independent investigation. In the absence of a claim of duress, it is not material whether this inference of the arbitrator was supported by evidence. Finding 3 likewise does not necessarily indicate that the arbitrator made an independent investigation. The fact that there may be no evidence to support it justifies, at most, a disregard of the finding. This would, however, not require vacatur of his award (which, incidentally, is not sought on that ground) in view of the fact that petitioner made no attempt to meet its *948 burden of showing that the $l-per-dozen damages were grossly disproportionate to the union’s actual damage. The court holds that there is no proof that the arbitrator made an independent investigation.
The motion to vacate is accordingly denied, and the cross motion granted.