Norman A. JENSEN, Plaintiff,

v.

Jim GARVISON et al., Defendants.

Civ. No. 64–219.

United States District Court
D. Oregon.

March 8, 1967.

Arthur S. Vosburg, Vosburg, Joss, Hedlund & Bosch, Portland, Or., for plaintiff.

Donald S. Richardson, Green, Richardson, Griswold & Murphy, Portland, Or., for defendant.

## OPINION AND FINDINGS

KILKENNY, District Judge:

The principal facts in this cause are outlined in my previous opinion, Jensen v. Garvison, 241 F.Supp. 523 (D.Or. 1965) and Judge Browning's opinion in

the Court of Appeals, Garvison v. Jensen, 355 F.2d 487 (9th Cir. 1966). Subsequent to the remand, the parties and the Court held certain pre-trial conferences, as an outcome of which a supplemental pre-trial order was entered. This order presents for decision three principal issues.

I. The first significant issue is whether the coverage for retired workers, authorized by the Trustees of the Medical Trust, was ever ratified by the Local Union and the Employers' Association. The plaintiff contends that even if there was a ratification, the coverage was not provided in accordance with the authorization. The Court is of the belief that this is a question of fact.

Subsequent to the meeting on January 15th, the Trustees approved a retirement plan, "subject to ratification by the Local Union and the Employers' Association", which would grant certain benefits to retired workers.[1] Later, a rider to the Trust's Medical Insurance Policy, executed by six of the eight Trustees of the Trust, provided limited coverage for retirees, effective June 1, 1958. The coverage for retired workers had been continuous since that date, during which time two collective bargaining agreements were negotiated. There was no formal ratification of the plan. That fact, however, when scrutinized in the light of the facts of the case is not of importance. It is meaningful that the trust document in existence at the time contained its own definition of "employees."[2]

■■ Obviously, the Trust document gave the Trustees sufficient authority to act as they did without any type of a ratification on behalf of the Union or the Employers' Association. By the imposition of the ratification requirement in the resolution, the Trustees created their own road block. The power to impose, under ordinary circumstances, carries with it the power to waive. This is precisely what happened in this case. Six of the eight Trustees executed the additional insurance rider for a retiree coverage, and forthwith the benefits began to be paid, with full knowledge of the proviso. Half of the trustees represented the Union and half represented the employers. The coverage continued for years without objection. These facts present an ideal arena for application of the doctrine of waiver. Moreover, the practical interpretation placed on the Trust Agreement, and on their own actions, by the Trustees over the course of many years, gives the Court a good insight to the intention of the parties.

■ The argument that the Trust Agreement fails to conform with the requirements of 29 U.S.C. § 186(c) (5) (B) falls on sterile ground. The language of the statute, on which he relies, is concerned with payments to trusts from employers, not with payments of benefits from trusts to beneficiaries. On the factual issues here raised, I find against the plaintiff.

■ II. Here, the plaintiff urges that an improper discrimination is shown to exist with respect to (1) the trust instrument itself, or (2) the administration of the trust, which discrimination would make the trust illegal under § 302. The shaky pillar in plaintiff's argument is that lack of complete uniformity with respect to a method of payment for cov-

---

1. "a. Upon attaining age 65 and drawing Social Security Benefits, a participant meeting the present retirement qualifications will be eligible for a life-time benefit for himself and his dependents. This life-time benefit will be the identical coverage provided at the present time for working members.
"b. One maximum claim under these benefits will be all that is allowed." (Defendants' Exhibit 7.)

2. "EMPLOYEES shall mean any Painter, Decorator, or Paperhanger and any other Employee covered by the existing Labor Agreement represented by the Unions, who is employed by any signatory Employer, *or any other employee or employees agreed upon by a majority of the Trustees.*" (Defendants' Exhibit 8, Emphasis Added.)

erage does not necessarily mean that there has been a "discrimination". True enough, coverage for union employees cannot be provided on a more favorable basis than for other beneficiaries. Blassie v. Kroger Co., 345 F.2d 58 (8th Cir. 1965). The argument that the provisions of the Medical Trust gave the unions an "arbitrary discretion" as to which officers and employees, if any, should be covered, is not supported by the record. Section 3, of Article I of the Medical Trust requires that "associate employees" be covered " * * * on a uniform non-selective basis, as determined by the Trustees." The fact that some of the unions provided this coverage by making payments to the Trust on an hourly basis, while others paid a fixed flat fee does not establish a discrimination. This view is supported by the testimony of one of the witnesses,[3] who said that the flat fee method covered the insurance costs, but did not provide any "reserve" for the covered employees. The record supports a finding that the union's contribution, on a flat fee basis, for the costs and benefits to their employees, was almost identical to the costs and benefits to the industry's employers' "associate employees".

■ Although the opinion of the Court of Appeals states that union officers and employees may participate in employee benefit trusts, no guidelines are presented on the rules which should govern this participation. Blassie v. Kroger Co., supra, on which the Court relied, held that the union's officers and employees should be permitted to participate under the governing trust agreement on a basis no better than that afforded to others. To me, this seems to be a just, equitable and wholesome guideline. After a thorough examination of all of the facts in this case, I find that the union officers and employees were not afforded more favorable treatment than the industry employees. Many minor discrepancies, that are mentioned by the plaintiff, are so unimportant that they are faced with the rule of *de minimis*. The fact that the pension trust makes no provision for clerical or stenographic employees does not, under the facts here presented, amount to a discrimination. Those employees are covered by their own separate retirement plan. Section 302 does not require participation by all employees outside of the bargaining unit. I do not read Blassie v. Kroger Co., supra, to hold otherwise.

■ The fact that the unions may contribute on a flat fee basis of $13.30 per month, rather than on an hourly basis of 12 cents per hour, does not *per se* show a discrimination. Plaintiff selects an arbitrary basis of 180 hours per month on which to apply the 12 cents per hour. Nothing in the record supports a theory that those paying on the hourly basis, would work 180 hours per month and, therefore, pay $21.60, rather than the flat fee basis of $13.30. Moreover, the flat fee basis did not create any "reserve" for the employees so covered.

■ Next, plaintiff urges that the resolution passed by the Trustees of the Medical Trust, in providing coverage for retired workers, gave them identical coverage with working members. Although such a provision is in the resolution, the medical plan provides a much better coverage for active workers than it does for retired workers. That being so, the plaintiff urges that discrimination existed due to the fact that retired workers received less than active workers. To me, that action by the Trustees seems logical. It in no way violated the guide rules enunciated in Blassie v. Kroger Co., supra. Neither the statute, nor the case law, requires that coverage for each classification should be precisely the same.

Consequently, I find that there is no discrimination in the alternative systems of payment.

## COUNTERCLAIMS

■ Defendants' counterclaims for payments which have not been paid pursuant to the arrangement between the parties must be allowed. The contract

---

3. Mr. Herrle.

provides for liquidated damages in the event of failure of the employer to make prompt and regular payments to the fund. The liquidated damages provision, in my view, does not amount to a penalty as urged by plaintiff. The provision is reasonable under all of the circumstances. A comparison of the size of the stipulated sum, with the value of the subject matter and with the probable consequences of the breach, compels a finding that the provision is reasonable. Secord v. Portland Shopping News, 126 Or. 218, 269 P. 228 (1928). The liquidated damage provision in this contract bears no resemblance to the provisions before this Court in Perthou v. Stewart, 243 F.Supp. 655 (D.Or.1965), in which the provisions were held invalid.

## ATTORNEY FEES

Each of the trusts have an identical provision with reference to the payment of attorney fees in the event the Trustees are compelled to take action to enforce payment of the contributions. No good reason has been advanced on why attorney fees should not be allowed. The provision on the subject, in the respective agreements, is in positive language. Since this Court, as well as the plaintiff, failed to read into the Trust Agreements the intention so clearly found by the Court of Appeals, I do not believe that plaintiff should be penalized with a heavy award of attorney fees. If the parties desire to offer evidence on the subject they may do so at a time and place to be fixed.

Counsel for defendants shall prepare, serve and submit findings in conformity herewith, including findings on the amounts due the Trustees of the Pension Fund, the amount due the Trustees of the Medical Trust and liquidated damages computed in conformity with the formula outlined in the trusts. A blank space shall be provided for the allowance of reasonable attorney fees. I shall insert a figure unless counsel desire to present evidence, or can agree on the amount.