**SEMICO, INC, Appellant,**

v.

**PIPEFITTERS LOCAL NO. 195 et al., Appellees.**

No. 7843.

Court of Civil Appeals of Texas, Beaumont.

June 17, 1976.

Rehearing Denied July 8, 1976.

Glen M. Chaney, Pearland, for appellant.

Robert C. Grossheim, Beaumont, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment rendered in a bench trial and we will designate the parties as they appeared in the trial court.

During the period March 1, 1973, to August 15, 1973, (according to plaintiffs' allegations) defendant employed the individual plaintiffs to perform work for it in Jefferson County. Before such work was performed, defendant had agreed to be bound by the terms of the collective bargaining agreement then in effect between the plaintiff local union and the employers' representatives in the area. This contract called for certain special payments into a union depository. There is no dispute between the parties as to the defendant being bound by the contract or the provisions thereof.

Defendant failed to make all of the payments as and when due under the terms of the contract, and plaintiffs brought suit on January 25, 1974, to recover the sums due plus penalties and attorney's fees. The individual plaintiffs sought to recover the principal sum of $1,599.35, while the principal of the debt, alleged to be due to the

union, was set at $1,195.41. Defendant stipulated that these sums were due and consented to the entry of judgment together with interest thereon.

However, both groups of plaintiffs sought to recover a penalty of fifteen percent per month upon the sums due, the individual plaintiffs contending that the penalty due them amounted to $4,885.20, which additional sum they claimed as "damages." The plaintiff union sought its "damages" in the sum of $4,650.77. Attorney's fees were stipulated. The trial court entered judgment for the precise amount sought by the plaintiffs and the defendant has appealed only as to the award of the penalty or damages.

The sole item in dispute is the validity of the contractual provision fixing the penalty of fifteen percent per month upon the contributions remaining unpaid. We set out the pertinent language of the penalty clause in the margin.[1] Defendant contends that this provision is invalid; and, after a careful consideration of the matter, we agree.

We begin our discussion of the authorities by quoting from 5 Corbin on Contracts § 1065 at 373 (1964), wherein this broad but dispositive statement is made:

"One case in which the courts all agree that the amount is a penalty and unenforceable is where a sum of money is made payable upon default in the payment of a smaller sum of money, and the difference between the two sums is not merely the interest value of the smaller."

In applying the liquidated damages/penalty dichotomy to the issue of collective bargaining agreements, courts have looked to the comparative size of the stipulated sum with the value of the subject matter and with the probable consequences of the breach. See, e. g., *Jensen v. Garvison,* 274 F.Supp. 866, 870 (D. Ore. 1967). Thus, damages which were difficult to determine and which have come within the liquidated damages rule have been upheld. *United States v. Carter,* 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957);[2] *Judy Bond, Inc. v. Kreindler,* 36 Misc.2d 943, 234 N.Y.S.2d 375, 377–378 (1962); *Plumbers Loc. U. N. 519, Miami, Fla. v. Service Plbg. Co., Inc.,* 401 F.Supp. 1008, 1014 (S.D.Fla.1975).

But we are not here concerned with damages which are uncertain or which are within the realm of legal liquidated damages. The author of the contractual language quoted in footnote one hereof correctly labeled the same as a penalty and not liquidated damages; and, it is to be noted that the penalty bears no relationship to the actual damages which may be sustained. Thus, the contractual "penalty" is unenforceable.

Chief Justice Hickman in *Stewart v. Basey,* 150 Tex. 666, 245 S.W.2d 484, 487 (1952), after discussing the liquidated damage/penalty rule, continued:

"An obligation to pay an indemnity is nothing more than an obligation to pay a sum of money theretofore ascertained, and *a provision that failure to pay a definite sum of money upon default of performance of a covenant in a contract entitles the obligee to recover liquidated damages in excess of the interest rate will not be enforced. Langever v. R. G. Smith & Co.,* Tex.Com.App., 278 S.W. 178." (emphasis supplied)

The cited case, *Langever v. R. G. Smith & Co.,* 278 S.W. 178, 179 (Tex.Com.App. 1925,

1. ". . . If any Employer required to make contributions under this Agreement fails to make such payments by the Twenty-Fifty [sic.] (25th) of the month following closing of the month for which payments are due, it is agreed that the delinquent Employer shall pay a Fifteen (15%) per cent *penalty* for each additional month that such payment is delinquent." (emphasis supplied)

2. In *Carter,* supra, the United States Supreme Court upheld a provision in a collective bargaining agreement which required the employer to make certain payments into a union-sponsored trust fund. This agreement provided that if the employer did not make the payments due by the 25th of the month, the same became delinquent "and the sum of $20 per delinquency or 10% of the amount due, whichever was greater, was owed by the delinquent employer *as liquidated damages and not as a penalty.*" (353 U.S. at 214, 77 S.Ct. at 795, 1 L.Ed.2d 781, emphasis supplied)

jdgmt. adopted), upheld a contract calling for liquidated damages where it was certain that damages would flow from the breach of contract and it was also certain that they could not be accurately measured. However, in considering the question, the Court discussed the difference in a contract calling for liquidated damages which it upheld and one involving a penalty, this language being critical to the case under consideration:

"[I]n a case of a contract for the payment of money simply, a stipulation to pay a fixed sum, in default of performance, will be regarded as an agreement for a penalty and not as a covenant for liquidated damages—the reason for this rule being that, for the nonpayment of money, the law awards damages measured by interest, and hence there is no difficulty in ascertaining the damages in such a case."

And, so it is here. This is a simple action in assumpsit wherein plaintiffs seek a monetary recovery for breach of the contract by the defendant. Upon defendant's failure to make the payments, it became liable under the law to pay damages but the law fixed such damages as lawful interest—six percent per annum. Art. 5069—1.03, Tex.Rev. Civ.Stat.Ann. (1971).[3] The penalty provided in the contract was an attempt to provide damages for the detention of money at the rate of one hundred eighty percent per annum when the law fixed such damages at six percent with a maximum lawful rate of ten percent per annum.

We have examined carefully each of the authorities relied upon by our dissenting brother and find none to be either pertinent or persuasive. The general language found in the dissent does not address itself to the problem now under consideration. For instance, the two decisions from the United States Supreme Court cited relate to compulsory arbitration under the applicable federal statutes and decisions; and, none of the other authorities therein touch our problem.

Courts have upheld collective bargaining agreements which called for the payment of liquidated damages in the event an employer fails to make prompt payment of sums due under a contract. See, e. g., *Jensen v. Garvison,* supra (274 F.Supp. 866, 870). But, our dissenting brother and counsel for the plaintiffs have failed to cite a single case which has upheld a penalty such as we have under consideration. Our own independent research has not produced any authority which would authorize the enforcement of the penalty under consideration.

Thus, under the applicable authorities, we conclude that the penalty provision is invalid and unenforceable in the courts of Texas. It follows, consequently, that the trial court erred in awarding judgment for the penalties.

The trial court properly entered judgment wherein the individual plaintiffs recovered judgment against defendant in the principal sum of $1,599.35, and the union plaintiff recovered judgment in the amount of $1,195.41; and, further, that the individual plaintiffs and the union plaintiffs, jointly and severally, recover their attorney's fees in the amount of $750.00 from the defendant. That portion of said judgment is affirmed and shall bear interest at the rate of nine percent per annum from and after December 31, 1975, until paid.

The trial court erred in entering judgment in favor of the individual plaintiffs in the amount of $4,885.20 as penalty and in favor of the union plaintiff in the amount of $4,650.77 as penalty for the failure to pay promptly the sums due under said contract. As to the two items herein set out, the judgment of the trial court is reformed and plaintiffs are denied any recovery of said penalties.

All costs in the trial court are adjudged against the defendant; costs upon appeal are adjudged against the plaintiffs, jointly and severally.

REFORMED and AFFIRMED.

3. We have no occasion to consider whether or not such contractual provision rendered the contract usurious and subject to the penalties provided in Title 79, Chapter 1, Tex.Rev.Civ. Stat.Ann. See, e. g., Art. 5069—1.04, Tex.Rev. Civ.Stat.Ann. (1971).

DIES, Chief Justice (*dissenting*).

I respectfully dissent. None of the cases cited in the majority opinion involve collective bargaining agreements. Generally, an employer and an employee may contract as they see fit. See 51 C.J.S. Labor Relations § 6 at 574 (1967). The law and public policy favor collective bargaining; it is the established labor policy of the United States. 51 C.J.S. Labor Relations § 149 at 879 (1967). Bargaining need not be confined to statutory subjects; but, as to matters other than wages, etc., each party is free to bargain or not to bargain. 51 C.J.S. Labor Relations § 155 at 893 (1967) and authorities cited. Collective bargaining agreements "are more than just a contract." *Line Drivers Local No. 961 of Int. Bro. of Team. v. W. J. Digby, Inc.,* 341 F.2d 1016, 1919 (10th Cir. 1956). See *United Steel Workers v. Warrior & G. Nav. Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d, 1409, 1415, (1960). See also *Wilburn v. Missouri-Kansas-Texas R. Co. of Texas,* 268 S.W.2d 726, 732 (Tex.Civ.App., Dallas 1954, no writ).

"While the principles of law governing ordinary contracts would not bind to a contract an unconsenting successor to a contracting party, *a collective bargaining agreement is not an ordinary contract.* . . . [emphasis supplied] [It] covers the whole employment relationship. It calls into being a new common law—the common law of a particular industry or of a particular plant." *Wiley & Sons v. Livingston,* 376 U.S. 543, 550, 84 S.Ct. 909, 914, 11 L.Ed.2d 898, 904–905 (1964).