**Merlin E. NAYLOR et ux., Appellants,**

v.

**Ralph SIEGLER, Appellee.**

**No. 18441.**

Court of Civil Appeals of Texas, Fort Worth.

March 12, 1981.

Rehearing Denied April 9, 1981.

Hal Hughes, Fort Worth, for appellants.

Thorne, Thorne & Robertson and Kim R. Thorne, Grand Prairie, for appellee.

OPINION

SPURLOCK, Justice.

The Naylors brought suit seeking the return of $5,000 in earnest money which they had placed with Ralph Siegler, a contractor. Siegler agreed to build a home for the Naylors. The Naylors breached the contract. Trial was to the court with judgment for Siegler. The Naylors appeal.

We affirm the judgment.

The Naylors desired to have a home built for them in Arlington, Texas. They met

with Siegler, a locally known custom home builder. The parties entered into a contract, agreeing that the Naylors would purchase Siegler's lot for a set amount, that the cost of the home would be the actual construction cost plus a net profit to Siegler of $12,500. An earnest money deposit of $5,000 was required and paid. The contract provided that this deposit was to be forfeited as liquidated damages in the event of the Naylors' breach of the agreement. Ninety-four days after entering into the contract the Naylors withdrew from the contract. Siegler declared the contract breached and retained the five thousand dollar deposit as liquidated damages.

The Naylors brought suit seeking its return. The trial resulted in a take nothing judgment. The Naylors' filed a motion for new trial, alleging the liquidated damages provision in the contract constituted a penalty. The court overruled the Naylors' motion, finding that the Naylors' original petition failed to contain a pleading of penalty as required by Tex.R.Civ.P. 94, "Affirmative Defenses".

The Naylors raise two points of error.

In their first point the Naylors contend the trial court erred as a matter of law in overruling their motion for new trial because the liquidated damages provision in the contract was a penalty and therefore unenforceable.

That provision reads as follows:

"Should the Owner fail to consummate this contract as specified for any reason, except title defects, Builder shall have the right to retain said deposits as liquidated damages for the breach of this contract, or may enforce specific performance of this contract."

The universal rule of measuring damages is just compensation for the loss or damage actually sustained. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484 (1952). Restatement of Contracts, § 339 (1932) sets out a two part test which "liquidated damages" must meet to avoid being a penalty. First, the amount fixed must be a reasonable forecast of just compensation for the harm caused by the breach and second, that the harm resulting from the breach must be one incapable of or very difficult to accurately estimate. A proviso follows in subsection (1):

"b. Contracts are frequently made in which performances of very different degrees of importance and value are promised and one large sum of money is made payable as damages for any breach whatever. *Since such a contract promises the same reparation for the breach of a trivial or comparatively unimportant stipulation as for the breach of the most important one or of the whole contract, it is obvious that the parties have not adhered to the rule of just compensation....*" (Emphasis added.)

The Naylors contend that the contractual provision for liquidated damages fails to pass the above two part test and is therefore void as a penalty.

We disagree. The contract allowed the $5,000 to be retained by Siegler for wrongful breach by the Naylors. Only one form of performance was contemplated. Failure of that requirement and no other would activate the liquidated damages clause. The Naylors, by their own admission, breached that contract.

Nor do we find fault with the amount stipulated as liquidated damages. It is impossible to forecast the damages which might flow to the seller of real property in the event of breach of the contract by the purchasers. Real property has a fluctuating value. There is no way to ascertain at any given time what the value of a particular tract of real property might be in the future. The value of the improvements anticipated in the contract also lend to this uncertainty.

We find the amount set as liquidated damages represents a reasonable forecast of just compensation. While the contract did not expressly set out a total purchase price, Dr. Naylor testified, without objection, that he thought the cost of the house would be in the neighborhood of $135,000 to $145,000. The liquidated damages of $5,000 amounts to roughly 3.57% of this total anticipated

price. The parties had contracted to build a house on a lot owned by Siegler. After the contract was signed Siegler removed the lot from the market. He kept the lot off the market from 90 to 120 days. During this period of time he received an offer from a prospective buyer to purchase the lot. Because the lot was tied up in the contract he was unable to accept this offer. Since this was a cost plus contract Siegler lost the $12,500 net profit to him provided for in the agreement. In the light of these facts we find that the liquidated damages provided for in the contracts meets the test herein described and is not a penalty.

We overrule Naylors' first point of error. This finding renders moot any discussion on whether or not, procedurally, the Naylors were entitled to raise the issue of penalty in their motion for new trial.

Judgment affirmed.