**AMERICAN BAKERIES COMPANY
et al., Plaintiffs,**

v.

**Andrew BARRICK, Trustee, etc., et al.,
Defendants.**

**Civ. No. 34019.**

United States District Court
N. D. Ohio, E. D.

Feb. 27, 1958.

Frank C. Heath, Thomas P. Mulligan, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for plaintiffs.

R. C. Ogline, John G. Cardinal, Harold H. Kahn, Cleveland, Ohio, Robert E. Boyd, Neva H. Wertz, Asst. Attys. Gen., State of Ohio, for defendants.

JONES, Chief Judge.

This action was brought under favor of Section 186, Title 29 U.S.C.A., amending Section 302 of the Labor Management Relations Act.

The court has been given power and jurisdiction to enjoin violations of the Act. It is not in the province of the court to lay down a course of conduct

for the management and operation of the trust fund made the subject of an agreement and declaration of trust in October, 1952. In two or three pre-trial conferences (officially reported) the defendants have advised that several alleged irregularities have been corrected, such as a loan which it is conceded was not according to generally accepted trust fund principles. But the court, in pre-trial conferences, pointed out to the parties that many of the objectionable practices complained of should have been the subject of the trust agreement.

Since the case was commenced the trust fund agreement has, by the court's suggestion, been modified or amended to discontinue some of the challenged irregularities.

Upon hearing in open court the main contention now relates to the question of whether the trust fund offices and administration of the Fund should physically be separated and be made independent of the Union offices, in order to avoid the objectionable practices and to make the trust fund administration completely independent and solely divorced from Union contact or influence. No rules or standards have been laid down by the Act.

Certainly, I cannot read into the law respecting the creation of trust funds and the right to seek the jurisdiction of the District Court where violations of the Act occur, that the court shall take over the supervision or management of the trust fund, or that the trust fund shall become the ward of the court. The trust agreement should contain all the provisions for the proper management of the trust fund and the court's injunctive jurisdiction only should be invoked where violation of the Act, as it affects the contract or agreement of trust, occurs. Such, I conceive to be the limit of the court's jurisdiction. Here the fault lies, in my judgment, in the failure of the parties contributing to the trust fund to set out in their trust agreement specifically how the trust fund should be managed and in what manner investments and operations should be conducted. Article IV of the Agreement and Declaration of Trust of October, 1952 (Exhibit 1 attached to the complaint) sets forth the powers, duties and obligations of the trustees,—and broad and widely discretionary powers they are; as for example, Section 1 of Article IV provides:

"The Trustees are authorized and empowered to lease or purchase such premises, materials, supplies and equipment, and to hire and employ and retain such legal counsel, investment counsel, administrative, accounting, actuarial, clerical and other assistants or employees as in their discretion they may find necessary or appropriate in the performance of their duties."

and, Section 3(a) provides:

"To invest and reinvest such part of the Trust Fund as in their sole judgment is advisable, and is not required for current expenditures in such securities (of any classification) as they may select in their sole discretion whether or not the same be authorized by law for the investment of trust funds generally."

The powers granted under these two provisions have been among the acts of the trustees challenged here, and sought to be made the subject of this court's powers of restraint or correction.

Another section of the agreement, Section 2 of Article IV, provides:

"The Trustees and their legal counsel shall have power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers and the Employees and their families and dependents."

What bothers the court is how far and to what extent should the court undertake to interpret, modify, or extend the contract entered into by the parties to it. My own motion of the law is that the parties to the trust fund agreement should with more particularity lay down

the standards and powers of trustee management and make more specific the provisions for the operation of the fund by the trustees. Then, if violations occur, the court would be able to ma.. definitive injunctive orders upon a showing of cause. Where such broad discretionary powers are given to the trustees as in the current agreement, the court is placed in a position, not contemplated by the law, of supervising the management and operation of the trust fund and of considering whether the discretionary power given the trustees has, in specific instances amounted to a violation of the law; and the law, as I earlier have stated, promulgates no standards or limitations upon the conduct of the trustees of the fund or its management.

To come now to the matters at issue between the complaining parties and the defending trustees, whether the court should declare the complete separation and physical divorcement of the trust fund offices from the Union offices in order legally to conform to the intendment and purpose of the law.

 The primary and principal purpose of the Act is to provide and maintain the trust fund for the sole and exclusive benefit of the employees of the employers, and their families and dependents, and any act or conduct in the management and operation of the fund which departs from that purpose well may be found to be a violation of the Act, subject, upon cause shown to the restraining jurisdiction of the District Court.

All would agree that complete records of all proceedings of the trustees and a complete accounting system should be installed; that no payments to trustees out of the fund for services of any kind, except such compensation as may be the subject of written agreement should be made; that trust funds may not be used for Union purposes and that no expenditures except for essential things and services on behalf of the trust fund should be made. All would agree. that those in control of the fund should be restrained from hiring, paying or permitting any person connected with the employer or with the Union participating in any manner whatsoever in the management of the fund or receiving any compensation therefor.

These conditions fairly are implicit in the law providing for the creation of such trust funds. Completely separate quarters, independent operation as to accounts, facilities, employees and files also would be expected.

The broad discretion given the trustees in the examples above cited, and other provisions of the agreement, have been materially circumscribed in amendments and resolutions adopted by the trustees.

Counsel for the plaintiffs urge strongly that the court should enter an injunctive order on the basis of the so-called irregularities challenged, because the objectionable practices were not corrected until after this action was threatened or commenced; and the plaintiffs, through counsel, express some misgivings respecting the good faith reformation of the majority of the trustees.

Frankly, I think the actions and conduct of one or more of the trustees evidenced an arbitrary attitude and a disregard for the disinterested and fiduciary character of their office; but I am unable to say, in view of the changed attitude and the amendments and resolutions adopted, that the court now should impeach their good faith by entering what well could be regarded as a punitive injunction for past misconduct, and a warning that future irregularities may become the concern of the court, based upon such order.

What I have consistently urged and recommended in this case is that the prevention of the acts, conduct and operations of the fund complained of should be made the subject of specific provisions against them in the agreement and declaration of trust.

In the absence of any standards or rules of management of such trust funds specified in Section 186 of the Code, and in view of the wide discretionary powers

granted the trustees by the agreement and declaration of trust, I am unable to find that violations of Section 186 have been shown such as to require or justify the injunctive jurisdiction of the court.

This is not to say that the court condones or approves actions or conduct of the majority of the trustees that are inconsistent with or contrary to the accepted standards of fiduciary management for the sole and exclusive benefit of the employees, their families and dependents. What I do hold is that the jurisdiction of this court to restrain violations of the Act, cannot extend to enjoining such broad discretionary powers of trustees as are given by the agreement and declaration of trust in this case, unless the agreement itself be found to be contrary to the best interests of the sole beneficiaries of the fund and thus offends the purpose of the Act.

This case is unusual from the standpoint of litigation involving labor and management relationship in that two of the three trustees representing employer or management groups, contributors to the Fund, have joined the three trustees representing the labor groups in the defense of the action taken by the Fund management. This has made difficult the court's balanced appraisal of the rights of the respective contributors to the Fund, even though the court has recognized the impropriety of some of the acts of management as contrary to acceptable trust principles. As I said earlier, the court is able better to exercise its jurisdictional powers under the statute, if the parties, by agreement, adequately have charted the limits of the trustees' powers and discretion.

The earlier stated remaining substantial complaint of the parties plaintiff is the question of housing the Fund in the building of the Union headquarters. This more than most other complaints seems to have precipitated and caused the conflict and produced the controversy out of which this action arose. Upon careful consideration of the facts, the affidavits, the briefs, and the necessity of maintaining the complete integrity of the Fund and its management free of influence of labor or management, and to avoid the chance, or even the appearance, of improper practices such as complained of and subsequently provided against by amended contract,—the trustees of the Fund shall be required to seek other convenient, suitable and adequate quarters away from the premises of the Union building.

The trustees will be given sixty days within which to comply with an order of complete separation of offices and independent quarters at some other location than the Union offices,—during which time mandatory injunction will be withheld.

If an appeal is desired by either party a mandatory injunction presently will be entered so that the court's action may be made appealable as a final order.