[Civ. Nos. 26135, 26136. Second Dist., Div. Four. Oct. 30, 1962.]

JOHN ULENE, as Trustee, etc., Plaintiff and Respondent, v. JACK JACOBSON, Defendant and Appellant.

(Two Cases.)

Wellborn, Barrett & Rodi for Defendant and Appellant.

Basil Feinberg for Plaintiff and Respondent.

BURKE, P. J.—This case involves two separate appeals. Plaintiff, as trustee of certain trusts subject to the provisions of section 302 of the Labor-Management Relations Act of 1947, as amended by section 505 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. § 186), hereinafter referred to as section 186, petitioned the Superior Court of the County of Los Angeles for orders confirming awards of an arbitrator. In No. 26135 the award directed defendant to pay the sum of $6,493 to the trustees of Los Angeles ILGWU— Employers Vacation, Health and Severance Pay Fund, and in No. 26136 the award directed defendant to pay the sum of $1,572 to the trustees of the Los Angeles ILGWU—Employers Dress and Sportswear Retirement Fund. These sums were found by the arbitrator to be due to the trustees from defendant under agreements between the California Apparel Contractors' Association, Inc., of which defendant was a member, the Los Angeles Dress and Sportswear Joint Board, and Garment Shipping and Receiving Clerks, Warehousemen, Drivers and Helpers Local 994. Defendant's objections to the petitions to confirm the arbitrator's awards were overruled and judgments entered for plaintiff.

Section 1287 of the California Code of Civil Procedure provides that the superior court of the county in which an arbitration was had must, upon timely application by a party to the arbitration, grant an order confirming the arbitrator's award unless the award is vacated, modified or corrected as prescribed in sections 1288 and 1289 of the Code of Civil Procedure. Section 1288 provides that upon application the superior court must make an order vacating the award where the arbitrator exceeded his powers. ██ An award directing performance of an illegal act exceeds the powers of the arbitrator and will not be enforced by the courts. (See *Black* v. *Cutter Laboratories*, 43 Cal.2d 788, 798-799 [278 P.2d 905].)

██ Defendant's only contention on appeal is that the arbitrator's awards direct payment of money to a representative of defendant's employees in violation of section 186 in that said payments are not "for the sole and exclusive benefit of the employees of such employer" (§ 186(c)(5)) and therefore compel an illegal act.[1]

---

[1] 29 U.S.C.A. § 186, as applicable here, provides:

The courts have cast a jaundiced eye on section 186 trusts that fail to comply with provisions of the act. "Congress believed that if welfare funds were established which did not define with specificity the benefits payable thereunder, a substantial danger existed that such funds might be employed to perpetuate control of union officers, for political purposes, or even for personal gain. See 92 Cong. Rec. 4892-4894. . . . To remove these dangers, specific standards were established to assure that welfare funds would be established only for purposes which Congress considered proper and expended only for the purposes for which they were established. See Cox, Some Aspects of the Labor Management Relations Act, 1947, 61 Harv L Rev 274, 290." (*Arroyo* v. *United States*, 359 U.S. 419, 426 [79 S.Ct. 864, 3 L.Ed.2d 915].)

Payments under subdivision (c)(5) have been held inviolate and no disbursements allowed for other than the strictly prescribed benefits. (*Wilder* v. *United Mine Workers of America* (Ky.App.) 346 S.W.2d 27, 29-30.) "No matter how carefully a fund is administered, if it does not meet the requirements of [§ 186, (c) (5)], it is illegal." (*Weir* v. *Chicago Plastering Institute, Inc.*, 177 F.Supp. 688, 699, reversed on other grounds, 279 F.2d 92.)

The trusts at issue in the present case comply in all respects with this statute with the following exceptions: In No. 26135, article XXVII of the agreement pertaining to vacation, health and severance pay funds provides: "The Board shall have absolute power and discretion to contribute sums of money not to exceed $10,000.00 annually to charitable, medical institutions, or organizations." In No. 26136, the agreement provides in article XLV: "The Board shall have absolute power and discretion to contribute sums of money not to exceed $5,000.00 annually, to other institutions, or organizations which contribute to or serve the welfare of recipients of benefits hereunder."

While the attacked provisions, mild on their face, do not in reasonable anticipation lend themselves to perpetration of

---

"(a) It shall be unlawful for any employer . . . to pay . . . any money or other thing of value——
"(1) to any representative of any of his employees who are employed in an industry affecting commerce; . . .
"(c) The provisions of this section shall not be applicable. . . .
"(5) with respect to money or other thing of value paid to a trust fund established by such representative for the sole and exclusive benefit of the employees of such employer, and their families and dependents. . . ."

the evils Congress sought to guard against, the court noted in the *Arroyo* case that "An examination of the legislative history confirms that a literal construction of this statute does no violence to common sense." (359 U.S. 419, 424.) Although earlier decisions adopted a more liberal attitude (see *Upholsterers International Union* v. *Leathercraft Furniture Co.*, 82 F.Supp. 570; *United Garment Workers of America* v. *Jacob Reed's Sons*, 83 F.Supp. 49), more recent state and federal court decisions have strictly construed the "sole and exclusive benefit" provisions. (See *American Bakeries Co.* v. *Barrick* (N.D. Ohio 1958) 162 F.Supp. 882; *Conditioned Air & Refrigeration Co.* v. *Plumbing & Pipe Fitting etc. Trust* (S.D. Cal. 1956) 159 F.Supp. 887; *Wilder* v. *United Mine Workers of America* (Ky.App.) 346 S.W.2d 27.)

However, we must construe the whole document, not each of its provisions in a vacuum. The agreements in question here contain a severability clause which preserves the remaining portion or portions of the agreement should any provision be held illegal or inoperative. It further provides that in such event the parties shall meet for the purpose of agreeing upon a substitute provision; if they are unable to agree the matter shall be referred to the impartial chairman and arbitrator who is given power to draft a substitute provision in the light of the relationships existing between the parties; further that such substitute provision be deemed incorporated in the agreement in lieu of the provision held to be illegal.

A severability clause like the one in the agreements here merely states existing law. (Civ. Code, § 1599.) ▮ "The general and more liberal principle now is, that when any matter, void even by statute, be mixed up with good matter, which is entirely independent of it, the good part shall stand and the rest be held void." (*Jackson* v. *Shawl*, 29 Cal. 267, 272; see *Pitts* v. *Highland Constr. Co.*, 115 Cal.App.2d 206, 212 [252 P.2d 14], and cases cited therein.) ▮ To the extent that the challenged provisions are in violation of the governing statutory law, they are void. But since the matter which is void is clearly severable from the other provisions directed to the accomplishment of the main and legal purposes of the trusts, there is no merit in the defendant's contention that the arbitrator's awards direct payment of money in violation of law.

We deem the intent of the awards made here to require payments to the trusts which, as administered by the trustees, will comply with all law including the provisions of section

186. It is conceded there has been no breach of the law by the trustees in the application of funds deposited with them pursuant to the agreements. "The mere possibility for diverting funds for purposes foreign to the collective bargaining agreement will not cause a breach of the agreement; there must be actual diversion." (*Upholsterer's International Union* v. *Leathercraft Furniture Co., supra,* 82 F.Supp. 570, 575.) The trustees here are not charged with unauthorized disbursements of trust money and their conduct in administration of the trusts is not questioned.

The judgments are affirmed.

Jefferson, J., and Ford, J.,* concurred.

A petition for a rehearing was denied November 20, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 26, 1962.

---

*Assigned by Chairman of Judicial Council.