345 F.2d 77
 LOCAL NO. 688, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellant,
v.
Wayne L. TOWNSEND, Pete Saffo, Richard Kavner, Joseph H. Gass, and Melville Hampe, Trustees of Teamsters' Medicare Trust for Retired Employees Trust, Appellees.
 No. 17710.
 United States Court of Appeals Eighth Circuit.
 April 23, 1965.
 
 Merle L. Silverstein and Stanley M. Rosenblum of Rosenblum & Goldenhersh, St. Louis, Mo., made argument and filed brief for appellant.
 J. Terrell Vaughan of Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, Mo., made argument for appellees and Walter M. Clark of Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, Mo., was with him on the brief.
 Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.
 BLACKMUN, Circuit Judge.
 
 
 1
 Although it concerns a different trust, this declaratory judgment action, properly instituted under 28 U.S.C. § 2201 (in the light of 29 U.S.C. § 186(e)) and tried upon the pleadings and stipulated facts, comes to us from the same district court simultaneously with Blassie v. Kroger Co., 8 Cir., 345 F.2d 58. The issues here coincide with some of the issues there, so what we have said in Blassie largely governs the disposition of this litigation. There are, nevertheless, some factual distinctions which deserve mention.
 
 
 2
 Prior to February 24, 1964, Saint Louis Teamsters Locals 688 and 610 executed collective bargaining agreements with several employers calling for a contribution (presently 80¢ per week per employee) by the employer to the trustees of a trust to be created for the purpose of providing medical care benefits to employees subsequent to retirement. On February 24, the formal trust agreement was executed by the two unions, one original employer, and five designated trustees (one union trustee for each participating local; one employer trustee for, collectively, each local's employers; and one public trustee chosen by a majority of the other trustees). The agreement adopts the name "Teamsters Medicare Trust for Retired Employees" and states that the purpose of the Trust "is to provide medical benefits and care, though group policies issued by insurance carriers, and otherwise, for and to those Employees of the Employers hereunder who shall have retired from employment because of age or physical or mental disabilities". It obligates the trustees to pay reasonable and necessary expenses and the premiums required for the group policies and "then to provide for other medical benefits". In the following details the trust agreement is specific and thus contrasts with the agreement in Blassie:
 
 
 3
 1. It affords only post-retirement benefits.
 
 
 4
 2. It authorizes the use of trust funds to provide coverage under the Trust for the Trust's employees (but exercise of this authority is being withheld pending final decision in this action).
 
 
 5
 3. It authorizes the trustees to accept payments (on the same basis as from other employers) from participating unions, as employers, and to provide coverage under the Trust for employees, including business agents, of these unions.
 
 
 6
 4. It provides that no union which contributes as an employer shall participate in the selection of any employer trustee. (There is no corresponding provision with respect to the Trust as an employer).
 
 
 7
 In addition, no employee personally makes any contribution before or after retirement. No question is raised as to the statutory appropriateness of the benefits contemplated by the Trust.
 
 
 8
 Soon after the Trust's inception over 1,400 employees were covered by contracts with the two Locals. Weekly employer contributions in excess of $1,120 were thus anticipated.
 
 
 9
 The trustees first met on February 25, 1964, the day following the execution of the trust agreement. All five were in attendance. At that time they were informed of the district court's decision in Kroger Co. v. Blassie, 225 F.Supp. 300 (E.D.Mo.1964), filed the preceding January 8, and they were advised that that case cast doubt upon the Trust's legality. The trustees thereupon voted unanimously to withhold expenditures for program benefits until the question of legality had been resolved.
 
 
 10
 Local 688 then instituted this action. Local 610 does not join in it.
 
 
 11
 The district court held that the Trust did not meet the requirements of § 302 (c) (5) of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 186(c) (5), and that it was therefore illegal. Local No. 688, Int'l Bhd. of Teamsters v. Townsend, 229 F.Supp. 417 (E.D. Mo.1964). Specifically, it held that the Trust was not a pension or annuity trust under § 302(c) (5) (C); that union employees cannot be brought in by simply providing in the trust agreement that the union, as employer, may not participate in the selection of employer trustees; and that what the district court had said in Kroger Co. v. Blassie as to retired persons, union employees, and trust employees was equally applicable here.
 
 
 12
 In view of the conclusions we reached in Blassie v. Kroger Co., supra, our disposition of the present case is to be anticipated. This controversy actually is easier to resolve for the trust agreement confines itself to benefits after retirement and clearly specifies union employees and trust employees as potential beneficiaries. The intention of the parties is therefore evident. We conclude, following Blassie, that benefits after retirement and the inclusion of union employees and of trust employees as beneficiaries are all validly provided for by this trust agreement and are not prohibited or illegal under § 302(c) (5).
 
 
 13
 We might add that our conclusion as to union employees does not pivot upon the presence of the specific provision in the agreement that the union, as employer, shall not participate in the selection of any employer trustee. It may well be desirable to have this provision so that there may be no misunderstanding whatsoever on the part of anyone. Such non-participation by the union (and, for that matter, by the Trust when and if it provides coverage for its employees) follows as a matter of law and despite any provision of the agreement. Were it otherwise, violation would be done to the statutory standard of equal representation.
 
 
 14
 The district court's judgment and decree is vacated and the cause is remanded for the entry of a new judgment and decree to the effect that the trust agreement's provisions for retirement benefits for covered employees, for covered union employees, and for covered trust employees are not violative of § 302(c) (5), but that neither the union nor the Trust, in their capacity as contributing employers, may participate in the selection of any employer trustee.