**Jim GARVISON et al., Appellants,**

v.

**Norman A. JENSEN, Appellee.**

**No. 20068.**

United States Court of Appeals Ninth Circuit.

Jan. 28, 1966.

Paul S. Hybertsen, Donald S. Richardson, Green, Richardson, Green & Griswold, Portland, Or., for appellants.

Arthur S. Vosburg, Frank McK. Bosch, Vosburg, Joss, Hedlund & Bosch, Portland, Or., for appellee.

Lester Asher, Chicago, Ill., Bernard Dunau, Washington, D. C., amici curiæ Amal. Meat Cutters and Butchers Workmen of No. America, AFL-CIO.

Clyde E. Tritt, Charles G. Bakaly, Jr., Stuart K. Mandel, O'Melveny & Myers, Los Angeles, Cal., amici curiæ Trustees of Motion Picture Industry Pension Plan and Producer-Writers Guild.

Ralph E. Lewis, Freston & Files, Los Angeles, Cal., amici curiæ Trustees of I. A. T. S. E. Basic Crafts-Guilds, etc.

Leon H. Levi, Maurice B. Benjamin, Loeb & Loeb, Los Angeles, Cal., amici curiæ Trustees of Screen Actors Guild, etc.

Wm. Berger, Beverly Hills, Cal., amici curiæ Trustees of Screen Actors Guild-Producers Pension Plan.

Gordon E. Youngman, Youngman, Hungate & Leopold, Los Angeles, Cal., amici curiæ Trustees of Directors Guild of America-Producer Pension Plan.

Before CHAMBERS, HAMLIN, and BROWNING, Circuit Judges.

488

BROWNING, Circuit Judge.

This is an appeal from the portion of the judgment below which held that payments by appellee and other employers to the appellant Painters Pension Trust Fund and the appellant Painters Medical-Hospitalization Trust Fund were prohibited by section 302 of the Labor Management Relations Act. 29 U.S.C.A. § 186 (1964).

1. The district court held that both trusts violated the conditions for exemption found in section 302(c) (5) of the Act because both permitted the unions in their capacity as employers to make contributions to the trust for the benefit of the unions' employees. Jensen v. Garvison, 241 F.Supp. 523 (D.Ore. 1965). In reaching this conclusion the court relied principally upon Kroger Co. v. Blassie, 225 F.Supp. 300 (E.D.Mo. 1964), and Local 688, Int'l Bhd. of Teamsters v. Townsend, 229 F.Supp. 417 (E.D. Mo.1964). The latter were subsequently reversed on this issue by the Court of Appeals. Blassie v. Kroger Co., 345 F.2d 58 (8th Cir. 1965); Local 688, Int'l Bhd. of Teamsters v. Townsend, 345 F.2d 77 (8th Cir. 1965). We agree with the conclusion reached by the Court of Appeals.

2. The district court held that the Medical-Hospitalization Trust failed to comply with section 302(c) (5) because it provided benefits for retired employees. The court based this conclusion in part upon rulings of the district courts in *Blassie* and *Townsend* which were subsequently reversed by the Court of Appeals; and, again, we agree with the latter. In addition, however, the court relied upon a factual determination that "the benefits presently paid to the retirees and their wives are provided for by extra assessments now being paid by the employers and not out of surplus contributions which accumulated during the time the former employees were actively employed." The court stated, "such being by finding, I am compelled to conclude that the payments made by the employers to this trust fund are not 'for the sole and exclusive benefit of the employees of such employer, and their families and dependents * * *' [as required by Section 302(c) (5)] for the reason that such persons are no longer employees." 241 F.Supp. at 526. We disagree. We see nothing in the language or purposes of section 302(c) (5) which would require that medical and hospital benefits for retired employees be financed by employer contributions made during the period of an employee's active service, rather than being financed in whole or in part by current employer contributions.

3. The appellee has challenged the validity of the two trusts upon a number of other grounds. Some were not raised in the district court, and for that reason would not be considered here in any event. None were reached by the district court, which rested its decision solely upon the grounds we have discussed. We remand to the district court for determination of such of these issues as it may now consider properly before it.

The judgment is vacated, and the cause remanded.