UNITED STATES TRUCKING CORPO-RATION, Plaintiff-Appellee,

v.

John E. STRONG, Joseph M. Mangan, Walter O'Leary, Union Trustees; Joseph M. Adelizzi, George V. Conboy and James E. Whalen, Employer Trustees and Hugh E. Sheridan, Impartial Chairman of the Pension Fund of New York City Trucking Industry, Local No. 807, Defendants,

and

Truck Drivers and Chauffeurs Union, Local No. 807, Defendant-Appellant.

No. 283, Docket 29656.

United States Court of Appeals Second Circuit.

Submitted March 22, 1966.

Decided April 11, 1966.

Melvin C. Hartman, New York City, for plaintiff-appellee.

Jerome B. Lurie, Daniel W. Meyer, Cohn & Glickstein, New York City, for defendant-appellant.

Herbert Burstein, Arthur Liberstein, Zelby & Burstein, New York City, for defendants-trustees and impartial chairman as amicus curiae.

Lester Asher, Chicago, Ill., and Bernard Dunau, Washington, D. C., for Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO as amicus curiae.

Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

PER CURIAM:

The United States Trucking Corporation sought a declaratory judgment in the District Court for the Southern District of New York that Truck Drivers and Chauffeurs Union, Local No. 807 was violating § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, by participating in a Trust Agreement and Pension Fund as an employer. The district court held it was a violation and enjoined the Union from contributing to the Pension Fund as an employer on behalf of its officers and employees. We think such participation is allowed by the statute and reverse.

The Union has made contributions since 1950 on behalf of its own employees to a pension fund to which trucking company employers contribute pursuant to collective bargaining agreements entered into by the Union on behalf of the trucking company employees whom it represents.

Section 302(c) (5) allows payments to a trust fund if the fund is for the sole and exclusive benefit of the employees of the employer bargaining with the Union, and of the "employees of *other employers* making similar payments" (emphasis added).

The sole issue, therefore, is whether a union can qualify as an "other employer." The district court held it could not on the ground that if a union is permitted to be the collective bargaining representative of some of the employees covered by a pension fund and also an employer contributing to the fund on behalf of other employees it might be placed in "a possible conflict of interest with the employees it represents."

We agree with the reasoning of the cases decided in the Eighth Circuit after the district court had filed its opinion in this case: Kroger Co. v. Blassie, 345 F.2d 58 (8 Cir. 1965), rev'g, 225 F.Supp. 300 (E.D.Mo.1964) and Local No. 688 International Brotherhood of Teamsters v. Townsend, 345 F.2d 77 (8 Cir. 1965), rev'g 229 F.Supp. 417 (E.D.Mo.1964), and which was followed in Garvison v. Jensen, 355 F.2d 487 (9 Cir., Jan. 28, 1966), rev'g, 241 F.Supp. 523 (D.Ore. 1965) that "other employers" includes a union in these circumstances. Any conflict of interest here is so remote and unlikely that it cannot outweigh the clear legislative intent.

Reversed.