378 F.2d 439
 Ralph R. POSTON, Martin P. Bessell, and Willard J. Wylie, as Association Trustees of the Miami Iron Workers Pension Fund, Local No. 272, Appellants,
v.
Charles C. CARAKER et al., etc. Appellees.
 No. 23719.
 United States Court of Appeals Fifth Circuit.
 June 8, 1967.
 
 Leonard H. Wolf, Miami, Fla., for appellants.
 Seymour A. Gopman, Kastenbaum, Mamber, Gopman, Epstein & Miles, Miami Beach, Fla., for appellees.
 Before PHILLIPS,* COLEMAN, and SIMPSON, Circuit Judges.
 COLEMAN, Circuit Judge:
 
 
 1
 In this case the Association Trustees of a Pension Fund Trust[1] sought a decree declaring that it would be legal for them to be compensated from the fund for their services. The District Court dismissed the petition. We affirm.
 
 
 2
 The facts are not in dispute and the issue presented is purely one of law. On October 1, 1964, the Steel and Ornamental Erectors Association of South Florida, Inc., an association of employers and the recognized collective bargaining agent of such employers, entered into a declaration of trust with Local Union #272, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, by which the parties established the Miami Iron Workers Pension Fund, Local #272.
 
 
 3
 As provided by the statute, the pension fund trust was established for the sole and exclusive benefit of the employees. The trust is administered by three trustees for the Association and three for the Union. The trust provided that in the event of a deadlock on a matter arising in connection with the administration of the fund then the trustees shall select an impartial umpire to decide the matter and break the deadlock. It further provided that if no such umpire could be agreed upon then any trustee could petition the District Court to make the appointment.
 
 
 4
 On August 4, 1965, subject to confirmation of the legality of the practice, the trustees voted to compensate the Association (Management) Trustees as a regular expense for attending trustee meetings. After receiving conflicting advice on this point, the Association trustees unanimously voted to compensate themselves, the Union trustees voted against it, and the deadlock ensued.
 
 
 5
 The Association trustees then filed their petition praying for an order naming an impartial arbitrator to resolve the deadlock and for "a declaratory decree as to the legality of the resolution as proposed by the Association Trustees so that the Trustees may proceed in the administration of the Trust as herein set forth".
 
 
 6
 This was met by a motion to dismiss on the ground that the petition for appointment of the arbitrator failed to state a cause of action or a claim for which relief could be granted and, further, that the deadlock involved a legal issue beyond the power of an umpire as it could only be determined by a court of competent jurisdiction. Upon consideration of the briefs of the parties, the petition was dismissed and the Association trustees have appealed.
 
 
 7
 The decision of the District Court is brief and to the point. We can best define the issues and pass upon the matter by quoting the following portion of the dismissal order:
 
 
 8
 "The Petitioners maintain that there is language in the agreements establishing the Pension Fund Trust which is subject to an interpretation allowing them to receive compensation out of the fund for their services. However, 29 U.S.C. § 186(c) (5) must be strictly construed. It clearly states that any monies paid to a trust fund created under that section shall be used `for the sole and exclusive benefit of the employees * * *'
 
 
 9
 Any person who violates Section 186 is subject to severe penal sanctions. No express provision allowing the compensation of the Trustees from the fund for their services has been pointed out to the Court in the instant case. Therefore, it would be a derogation of the stated purpose of Section 186 to `interpret' such a provision into the Union-Association agreements. To `bootstrap' such terms into the agreements by `interpretation' would be unfair to the Union employees. They could not have been aware at the time the Union-Association agreements were entered into that they were consenting to the payment of the trustees for their services. The language which the Petitioners based their resolution on is not easily subject to such an `interpretation', especially when one considers that a fund created pursuant to Section 186 is to be used solely for the benefit of the employees.
 
 
 10
 Absent an express term allowing for trustee compensation from the trust fund, any resolution permitting such would be illegal as well as unfair to the employees. Also, even if such an express agreement did exist between the Union and Association, which is not the case here, it might still be illegal due to the narrow construction which must be placed on Section 186. Therefore, it is
 
 
 11
 ORDERED and ADJUDGED that the motion to dismiss of the Respondents be and the same is hereby granted."
 
 
 12
 The Association trustees contend the dismissal was erroneous because 29 U.S.C. § 186 does not prohibit compensation to trustees; the Court should have had before him the Declaration of Trust, Minutes of Trustees' Meetings, and other evidence; and case law entitled the trustees to compensation on the wording of this Declaration of Trust.
 
 
 13
 "* * * [W]hile a trustee petitioning for the appointment of an umpire [under § 186(c) (5)] need not demonstrate that his interpretation that the issue was one the trustees could decide is the correct one, * * * he must at least establish that it is a possible one. * * * [A] court need not order arbitration when it is prepared to say "with positive assurance that the contract is not susceptible to an interpretation to cover the asserted dispute." Barrett v. Miller, 2 Cir., 1960, 276 F.2d 429, 431 [citations omitted].
 
 
 14
 Thus if § 186(c) (5) does not expressly allow compensation to trustees, or if the Declaration of Trust is not susceptible to an interpretation that compensation is allowable, the Court below committed no error in dismissing the petition.
 
 
 15
 Section 186 does not in terms address the problem of what expenses are allowable in the administration of employee trusts. Judicial comment on the problem is scarce. The litigants on both sides claim comfort from American Bakeries Co. v. Barrick, N.D.Ohio, 1958, 162 F.Supp. 882. The Court in that case held that, in order to avoid the inference of improper practices, the trustees of an Employees' Trust Fund could not maintain offices under the roof of a building owned by a union. The Court observed, in passing,
 
 
 16
 "The primary and principal purpose of the Act is to provide and maintain the trust fund for the sole and exclusive benefit of the employees of the employers, and their families and dependents, and any act or conduct in the management and operation of the fund which departs from that purpose well may be found to be a violation of the Act, subject, upon cause shown to the restraining jurisdiction of the District Court.
 
 
 17
 All would agree that complete records of all proceedings of the trustees and a complete accounting system should be installed; that no payments to trustees out of the fund for services of any kind, except such compensation as may be the subject of written agreement should be made; that trust funds may not be used for Union purposes and that no expenditures except for essential things and services on behalf of the trust fund should be made. * * *" 162 F.Supp. at 884 [emphasis added]
 
 
 18
 The American Bakeries case thus infers that trustee compensation may lawfully be provided in a Trust Agreement.
 
 
 19
 Although it alluded to the question, the Court below did not, in fact, decide whether compensation to trustees is barred by the act, nor was such a decision necessary to the disposition of the compensation issue presented. The Court was absolutely right in holding that even if permitted by statute, compensation would nevertheless have to be authorized by the trust instrument, American Bakeries Co. v. Barrick, supra. The Court found that "no express provision allowing the compensation of the Trustees from the fund for their services has been pointed out to the Court in the instant case."
 
 
 20
 It is too late for the appellants to argue here that the Court should have had the entire trust instrument before it. An examination of the record reveals that the appellants filed a brief in support of their position. In that brief they cited only the following provisions of the trust instrument:
 
 
 21
 "Article VI, Section 2(d), Powers and Duties of the Trustees
 
 
 22
 To employ such persons as may be necessary to administer the trust and Pension Plan, including legal counsel, accountants, pension or insurance consultants, administrators, actuaries, investment counselors and any other expert and/or clerical assistants as the Board, in its discretion, may deem necessary or appropriate, and to pay or cause to be paid, compensation and expenses in connection therewith; * * *"
 
 
 23
 "Article VI, Section 13
 
 
 24
 The trustees shall be reimbursed out of the Fund for all reasonable and necessary expenses which may occur in the performance of their duties."
 
 
 25
 "Article XI, Section 2
 
 
 26
 This Trust Agreement is irrevocable and under no circumstances shall any moneys paid into the Trust or any part thereof be recoverable by or paid to any employer or Association, nor shall any of the same be used or diverted to a purpose other than generally stated in this Trust Agreement, or for necessary and reasonable expenses incurred in the establishment and administration of the Trust and Pension Plan."
 
 
 27
 It is only reasonable to assume that when confronted with the motion to dismiss appellants met it with the most favorable language they could find in the trust instrument. In any event, it is too fundamental to require citation that they must stand or fall here on the issues as presented below. They cannot now invoke what might have been.
 
 
 28
 The closest approach to compensation in the cited language of the trust instrument is that the "trustees shall be reimbursed out of the Fund for all reasonable and necessary expenses [emphasis added] which may occur in the performance of their duties". In our view, and we have been cited no authority to the contrary, reimbursement for necessary expenses, especially in the construction of a statutory trust such as we have here, cannot be held to mean or include compensation for services rendered.
 
 
 29
 We therefore conclude that the District Judge was right when he found that absence of authorization in the trust instrument was dispositive of the case, and there was no legal basis upon which he could have appointed an impartial umpire.
 
 
 30
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Tenth Circuit, sitting by designation
 
 
 [1]
 Created pursuant to the Labor Management Relations Act, § 302(c) (5), 61 Stat. 136 (1947), 29 U.S.C.A. § 186(c) (5) (1952)