C. W. PIDGEON, Clayton A. Brogdon, John M. Middleton, T. J. Burke, Joseph White and Willie Blythewood, as Trustees of the Savannah International Longshoremen's Association Employers Pension Plan under an Agreement and Declaration of Trust dated August 30, 1957, as amended by amendments dated August 7, 1958, December 31, 1958, and February 19, 1970, Plaintiffs,

v.

BRUNSWICK PORT AUTHORITY, Defendant.

Civ. A. No. 1016.

United States District Court, S. D. Georgia, Brunswick Division.

March 17, 1971.

J. Wiley Ellis, Adams, Adams, Brennan & Gardner, Savannah, Ga., for plaintiffs.

Richard M. Scarlett, Bennet, Gilbert, Gilbert & Whittle, Brunswick, Ga., for defendant.

ORDER

LAWRENCE, Chief Judge.

Plaintiffs are Trustees of a pension, welfare and vacation plan which is evidenced by an Agreement and Declaration of Trust entered into in 1957 between several stevedoring concerns and the International Longshoremen's Association which represents two local unions. The members of the Locals are employed by the stevedoring companies.

The Trustees seek declaratory relief against Brunswick Port Authority which is an instrumentality of the State of Georgia. Ga.Laws 1945, p. 1023; 1958, pp. 82, 86; International Longshoremen's Ass'n, AFL–CIO v. Georgia Ports Authority, 217 Ga. 712, 124 S.E.2d 733, cert. denied, 370 U.S. 922, 82 S.Ct. 1561, 8 L.Ed.2d 503; Sigman v. Brunswick Port Authority, 214 Ga. 332, 104 S.E.2d 467. Defendant moves to dismiss on the ground that there is no jurisdiction over it under the Labor Management Relations Act of 1947 which, in defining "employer," excludes "any State or political subdivision thereof." 29 U.S.C. §

152(2). The Authority contends that it has no power to enter into an agreement to make contributions to a trust fund administered by a third party and takes the position that for this Court to grant relief would be a regulation of conditions of employment by a state agency contrary to the Act.

Plaintiffs assert that there is an actual controversy between them and the defendant and that district courts possess jurisdiction under an "Act of Congress regulating commerce" (28 U.S.C. § 1337) and under the Labor Management Relations Act. 29 U.S.C. § 186(e).

According to the complaint, a Longshoremen's Agreement was entered into on October 1, 1968, between the two Locals and Savannah Maritime Association which is the bargaining agent of the stevedore-employers. The latter agreed to contribute to a fund for pension, welfare, vacation and holiday benefits "the same cents per man hour for all hours for which men receive pay as the Port of New Orleans Employers contribute." This provision had been included in a collective bargaining agreement between the parties effective October 1, 1957. The pension trust was created that year pursuant to the bargaining agreement. Since 1958 the employers have regularly contributed to the pension fund.

Under the Labor Management Act it is unlawful for any employer to pay money to any representative of employees in an industry affecting commerce. An exception, however, is provided by 29 U.S.C. § 186. Payments to union representatives may be made in the case of trust funds established for the sole and exclusive benefit of employees of the employer. The Trust Agreement in the present case complies with this permissive exception. The six Trustees equally represent the unions and the employers who are parties to the bargaining agreement.

The detailed basis on which payments to the fund are to be made must be "specified in a written agreement with the employer." 29 U.S.C. (c) (5) (B). Brunswick Port Authority was not and is not a party to the collective bargaining agreement. It has never entered into any written agreement in connection with payments to the fund. Defendant employs in commerce longshoremen who are members of Local Unions 1414 and 1475. Since October 1, 1959, and up to November, 1969, it contributed monies to the Pension Plan on the same basis as the Employers who are actual parties to the Trust Agreement. As of November 30, 1969, the total paid by the Authority to the pension fund is $18,271.93. No payments have been made since 1969.

Other stevedoring companies that employ members of the two Locals contribute voluntarily to the Plan even though they are not formal parties to the bargaining agreement or to the pension trust. In such instances the contributing employers have agreed in writing to be bound by the portion of the collective bargaining agreement which requires contributions to the fund. The Trustees have requested the defendant Authority to sign such an agreement. It refuses to do so. Hence this litigation.

The Trustees assert that 29 U.S.C. § 186(c) (5) does not permit payment of benefits where the employer has not executed a written agreement in connection with payments to the pension fund. See Moglia v. Geoghegan et al., 2 Cir., 403 F.2d 110. *Cf.* Doyle v. Shortman, D. C., 311 F.Supp. 187. Plaintiffs allege that eligible employees of Brunswick Port Authority will make claims for benefits and that they are uncertain of their obligations. They pray:

(1) For a judgment declaring that defendant can enter into a collective bargaining agreement with the Longshoremen's Association, including a provision as to contributions to the Pension Plan; (2) for a declaration that defendant, other than under a bargaining agreement, can agree in writing to make contributions to the fund on behalf of its employees; (3) for a declaration that

the Trustees may continue to manage all contributions heretofore received from Brunswick Port Authority in accordance with the Pension Plan; (4) for a declaration that the Trustees may make payments of benefits to qualified employees of Brunswick Port Authority in accordance with the Pension Plan.

Defendant relies almost wholly on International Longshoremen's Ass'n, AFL–CIO v. Georgia Ports Authority, *supra*. There the unions picketed entrances to the terminal at Savannah following refusal by the Authority to enter into a contract providing a schedule of wages and contributions to a pension fund. The Supreme Court of Georgia upheld the grant of an injunction on the ground that the Labor Management Act excluded Georgia Ports Authority as an employer.

I agree with that decision. But is it really relevant to this case? Nobody is trying to force Brunswick Port Authority to bargain collectively. The Trustees merely seek the Court's guidance as to what the Authority *may,* and what they *should,* do under all the facts and circumstances. Everything that has been done by the defendant in connection with contributions to the pension fund has been its own doing. It voluntarily agreed to make such payments to the Trustees and did so for more than ten years.

Does this Court have jurisdiction over the controversy that has arisen?

The district courts possess jurisdiction to restrain violations of 29 U.S.C. § 186. There is a divergence of authority over whether the courts possess general equity power over union trusts which have come into being because of the permissive exception of § 186(c) (5). The legislative history of this section of the Taft-Hartley Act is not conclusive. In Bowers v. Ulpiano Casal, Inc., 393 F.2d 421, 424 the First Circuit held that the violations referred to in § 186(e) are "violations of basic structure * * * not violations of fiduciary obligations or standards of prudence in the administration of the trust fund." The Court said, "We see no room for enjoinable violations which are not at the same time section 302 crimes." [1] In Kroger Co. v. Blassie, D. C., 225 F.Supp. 300 the view was expressed that "federal district courts do not have jurisdiction to review the administration of a welfare trust except where violation of the Act occurs, because such matters are not violations of the Act but fall within the activities of the day-to-day administration of the trust." "Such," the Court said, "are matters for a state court's consideration." [2]

The weight of authority, however, seems to be that jurisdiction does exist in such cases and that declaratory as well as injunctive relief may be obtained where there is breach of fiduciary obligations. See Lewis v. Mill Ridge Coals, Inc., 6 Civ., 298 F.2d 552, 558; Local No. 688 International Brotherhood of Teamsters v. Townsend, 8 Civ., 345 F.2d 77; Upholsterers' International Union of North America v. Leathercraft Furniture Co., D. C., 82 F.Supp. 570; In re Bricklayers' Local No. 1 of Pa. Welfare Fund, D. C., 159 F.Supp. 37; American Bakeries Co. v. Barrick, D. C., 162 F. Supp. 882; Raymond v. Hoffmann, D. C., 284 F.Supp. 596; Bath v. Pixler, D. C., 283 F.Supp. 632. In the last mentioned case the District Court said that it did not reach the question of whether § 186(e) authorizes federal courts to fashion federal trust law to govern day-to-day administration of union welfare trusts. "We do hold," it added, "that a federal court is not lacking in power to undertake solution of a dilemma such as

---

1. The same Court in Copra v. Suro, 1 Cir., 236 F.2d 107, 115 had expressed the view in a dictum that Congress intended that the federal courts should be authorized to exercise "general equity power" over welfare funds.

2. This decision was reversed in part in 345 F.2d 58. There was no discussion as to this part of the lower Court's opinion.

the present one, which has come about under the authority of section 302 of the Act."

The present case reaches considerably above the level of a mere question of fiduciary management and the respective rights and obligations of parties under a union pension trust. While such issues are present they grow out of and involve the applicability of the basic requirement of § 186 that a violation of law occurs when payments are made to such a trust without a written agreement by an employer.

I do not see why the Authority should be immune from a suit where Trustees of a fund seek to learn whether they can pay benefits to employees of the defendant when the latter refuses to agree in writing. To the extent that the Port Authority has made voluntary payments I think it has waived any statutory exemption from compulsory bargaining in that area.

Defendant's position is ambivalent. I would think that the Authority would welcome the means of learning where it legally stands. Instead it washes its hands of the matter. Defendant misconceives the scope and purpose of this litigation. No one, as I have emphasized, is trying to force an instrumentality of the State of Georgia to bargain with union representatives. All that is sought is direction by this Court as to what should be done about monies paid by defendant or to be paid to a pension fund.

If the Authority is correct, the Trustees are without remedy in either the state or federal courts to obtain an answer. I cannot believe that the law does not grant a remedy in such a case as this. I hold that a district court has jurisdiction under 29 U.S.C. § 186(e) and 28 U.S.C. § 1337. The motion to dismiss is therefore denied.

There is substantial ground for difference of opinion on the controlling jurisdictional question and immediate appeal may advance its ultimate termination. I make this statement for purposes of possible interlocutory appeal

pursuant to 28 U.S.C. § 1292. If there is a reported decision with facts similar to this case, I have not put my hands on it.